■ In the Matter of JEROME R. JAKUBOVITZ, Respondent, v JULIUS DWORSCHAK, as Assessor of the Village of Pelham Manor, et al., Appellants. —In a proceeding to review the 1978/1979 tax assessment of petitioner's property, the appeal is from an order of the Supreme Court, Westchester County, dated July 28, 1978, which denied appellants' motion to dismiss the petition for the failure to comply with certain provisions of the Real Property Tax Law. Order reversed, on the law, without costs or disbursements, motion granted and petition dismissed. The issue on appeal is whether the tax certiorari petition should be dismissed because the petitioner willfully refused to appear before the Board of Assessment Review of the Village of Pelham Manor and failed to supply requested information. The essential facts are not disputed. The petitioner timely filed a complaint challenging the tax assessment on his property for the 1978/1979 tax year. The Board of Assessment Review directed the petitioner to provide certain information pertaining to the subject property. Although some of the information was supplied, the board was apparently not satisfied and directed that the following letter be sent to the petitioner: "You were required by our letter dated February 21, 1978 to submit to the Board of Review by February 27, 1978 additional pertinent information concerning the real property assessment of the subject property. We acknowledge receipt of the balance sheet and income statement which accompanied the original application. We have not received any response to our letter of February 21. Since the Board of Review cannot adjourn beyond March 15, you are required to appear before the Board of Review at 8:00 P.M., Wednesday, March 15th, at 4 Penfield Place, Pelham Manor, either in person or through an agent or representative who can submit the balance of the information required by our letter of February 21, 1978. Since the Board will not meet if you do not intend to comply with this directive, please notify this office of your intentions. If we do not hear otherwise from you

prior to March 13, 1978, we will assume that you do not intend to comply with the directives contained in our letter of February 21, 1978 and this letter." The petitioner chose to rest his application on the information he had previously supplied and failed to either appear at the scheduled meeting or to provide the additional information. Thereupon, the board resolved to deny the petitioner's complaint on the grounds "that the applicant or his agent or his representative willfully neglected or refused to attend to be questioned and to answer any question put to him by the Board of Review on material evidence as to which the Board sought information." This proceeding followed. The Real Property Tax Law has established administrative procedures to review the level of tax assessments when such assessments are challenged. Boards of assessment review are charged with the responsibility of insuring the accuracy and stability of the assessment rolls (Matter of Grossman v Board of Trustees of Vil. of Geneseo, 44 AD2d 259). In furtherance of its powers the boards of assessment review are vested with broad discretion in investigating and evaluating challenges to the assessment rolls. In this context, section 1524 (subd 2, par [b]) of the Real Property Tax Law provides that: "The board of assessment review may administer oaths, take testimony and hear proofs in regard to any complaint and the assessment to which it relates. If not satisfied that such assessment is illegal, erroneous or unequal, it may require the person whose real property is assessed, or his agent or representative, or any other person, to appear before the board and be examined concerning such complaint, and to produce any papers relating to such assessment. If the person whose real property is assessed, or his agent or representative, shall willfully neglect or refuse to attend and be so examined, or to answer any material question put to him, such person shall not be entitled to any reduction of the assessment subject to the complaint. Minutes of the examination of every person examined upon the hearing of any complaint shall be taken and filed in the office of the city or town clerk." This provision has two aspects. It (1) empowers local boards to require the appearance of a complainant and the production by him of relevant papers and (2) provides the penalty for noncompliance with such a directive. In the present case, the above-quoted letter expressly required the petitioner to appear before the board and to supply the previously requested information. The petitioner did not have the option of not appearing and not supplying the additional information. The administrative procedures for tax assessment review are designed to insure the accuracy of the assessment, and not designed to be an adversary proceeding. It is for the board to determine what information is material and whose presence is required (see Matter of Grossman v Board of Trustees of Vil. of Geneseo, supra). The petitioner's failure to appear before the board must be deemed a willful refusal and, pursuant to statute, the petitioner necessarily forfeited the right to a reduction of the tax assessment for the applicable year. Mollen, P. J., Hopkins, Rabin and Martuscello, JJ., concur.