In the Matter of COUNTY OF NASSAU, Appellant, v STATE BOARD OF EQUALIZATION AND ASSESSMENT OF THE STATE OF NEW YORK, Respondent.

Third Department, April 2, 1981

APPEARANCES OF COUNSEL

*Edward G. McCabe, County Attorney (Joshua A. Elkin* of counsel), for appellant.

*Robert Abrams, Attorney-General (Vernon Stuart, Jeremiah Jochnowitz* and *Shirley Adelson Siegel* of counsel), for respondent.

MAHONEY, P. J.

In January, 1978, the respondent State Board of Equalization and Assessment (SBEA) established tentative State equalization rates for the Towns of Hempstead, North Hempstead and Oyster Bay, and for the Cities of Long Beach and Glen Cove. In February of 1978, SBEA notified petitioner, County of Nassau (County), of the new tentative rates. In May, the County served a complaint upon SBEA specifying various objections to the tentative equalization rates. Notwithstanding petitioner's objections and a series of supplemental complaints and hearings, SBEA recommended the establishment of final rates for the localities. The County then commenced this CPLR article 78 proceeding pursuant to section 760 of the Real Property Tax Law to annul the final rates established by SBEA. Special Term denied the petition and this appeal ensued.

█ Petitioner contends that it was entitled to a formal adversarial hearing regarding its objections to the tentative rates established by SBEA as provided by article 3 of the State Administrative Procedure Act. We disagree. While we recognize that the provisions of the State Administrative Procedure Act are applicable to SBEA's actions *(Matter of State Bd. of Equalization & Assessment v Kerwick*, 72 AD2d 292, 299, mot for lv to app granted 49 NY2d 708), and that the act does provide for formal hearings under article 3 regarding adjudicatory proceedings, the establishment of equalization rates is not such a proceeding. Rate making is governed by article 2 of the act entitled "Rule Making".* Article 2 specifically states that the detailed provisions of article 3 do not apply to rule making proceedings: "Public hearings in rule making proceedings held pursuant to this section shall comply with any requirements imposed by any statute but shall not be subject to the provisions of this chapter governing adjudictory proceedings" (State Administrative Procedure Act, § 202, subd 5; see, also § 102, subd 3).

* Under the State Administrative Procedure Act, the term "[r]ule" means "(ii) the amendment * * * approval, or prescription for the future of rates" (State Administrative Procedure Act, § 102, subd 2, par [a]).

The Real Property Tax Law also does not give petitioner a right to an adversarial hearing. Section 1208 of the Real Property Tax Law requires SBEA to hear complaints concerning equalization rates and also makes the provisions of section 512 of the Real Property Tax Law applicable to such hearings. The latter section provides that in hearing a complaint, the "board shall have all of the powers and duties prescribed by section [1524] * * * and by any other law." (Real Property Tax Law, § 512, subd 2.) Section 1524 (subd 2, par [b]) of the Real Property Tax Law states, in pertinent part, that "[t]he board * * * *may* administer oaths, take testimony and hear proofs in regard to any complaint" (emphasis added). Moreover, it has been held that proceedings under section 1524 of the Real Property Tax Law "are designed to insure the accuracy of the assessment, and not designed to be an adversary proceeding. It is for the board to determine what information is material and whose presence is required" *(Matter of Jakubovitz v Dworschak,* 67 AD2d 977, 978).

Accordingly, petitioner was not entitled to a full hearing under either the State Administrative Procedure Act or the Real Property Tax Law and thus the notice and complaint procedure utilized by SBEA was sufficient.

Next, petitioner contends that there is a lack of substantial evidence in the record to support the final equalization rates established by SBEA. We agree. Although the establishment of equalization rates may not be an adjudictory proceeding within the meaning of article 3 of the State Administrative Procedure Act, it is nevertheless a quasi-judicial determination and must be supported by substantial evidence *(Matter of Town of Smithtown v Moore,* 11 NY2d 238, 247; *860 Executive Towers v Board of Assessors of County of Nassau,* 53 AD2d 463, 474, affd *sub nom. Matter of Pierre Pellaton Apts. v Board of Assessors of County of Nassau,* 43 NY2d 769).

In the instant case, there is virtually no evidence in the record to support the determination of SBEA. SBEA alludes to two internal memoranda as support for its determinations. These memoranda state in conclusory language that certain changes urged by petitioner are not warranted.

Such evidence is not substantial and the "[f]ailure of the agency to set forth an adequate statement of the factual basis for the determination forecloses the possibility of fair judicial review and deprives the petitioner of his statutory right to such review" *(Matter of Montauk Improvement v Proccacino*, 41 NY2d 913, 914). It appears that respondent failed to incorporate into its determinations the findings of fact it relied upon in establishing the equalization rates in question. As such, the determinations are insufficient for review and must be annulled *(Matter of Montauk Improvement v Proccacino, supra)*. The matter should be remitted to SBEA for appropriate findings in support of whatever determinations it may deem proper.

The judgment should be reversed, on the law and the facts, with costs, the petition granted and the determinations annulled; matter remitted to the State Board of Equalization and Assessment for further proceedings not inconsistent herewith.

SWEENEY, KANE, MIKOLL and WEISS, JJ., concur.

Judgment reversed, on the law and the facts, with costs, petition granted and determinations annulled; matter remitted to the State Board of Equalization and Assessment for further proceedings not inconsistent herewith.