■ In the Matter of DAN McCREADY et al., Respondents-Appellants, v ASSESSOR OF THE TOWN OF OSSINING et al., Appellants-Respondents. [780 NYS2d 913]—

In a proceeding pursuant to RPTL article 7 to review the assessment of the petitioners' property for the year 2002, the Assessor of the Town of Ossining, the Board of Review of the Town of Ossining, and the Town of Ossining appeal from so much of an order of the Supreme Court, Westchester County (Rosato, J.), dated May 14, 2003, as denied their cross motion to dismiss the proceeding pursuant to RPTL 525 (2) (a), and the petitioners cross-appeal from so much of the same order as denied their motion for summary judgment.

Ordered that the cross appeal is dismissed as abandoned, as the petitioners have requested no affirmative relief with respect to any of the provisions of the order from which they have cross-appealed by which they were aggrieved (*see Itzkowitz v G & I Passover Bakery Corp.*, 303 AD2d 638 [2003]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the petitioners.

RPTL 525 (2) (a) governs the procedures to be employed in hearings before the Board of Assessment Review to determine taxpayer challenges to assessments. The statute provides: "If the person whose real property is assessed . . . shall willfully neglect or refuse to attend [the hearing] and be so examined, or to answer any question put to him or her relevant to the complaint or assessment, such person shall not be entitled to any reduction of the assessment subject to the complaint." The Supreme Court correctly concluded that the petitioners did not engage in any conduct proscribed by the foregoing statute. Accordingly, it correctly denied the cross motion to dismiss the proceeding. Florio, J.P., S. Miller, Rivera and Lifson, JJ., concur.