Matter of Village of Kiryas Joel v Assessor of the Town of Woodbury (2019 NY Slip Op 07078)





Matter of Village of Kiryas Joel v Assessor of the Town of Woodbury


2019 NY Slip Op 07078


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
ROBERT J. MILLER, JJ.


2018-06718
 (Index No. 5933/17)

[*1]In the Matter of Village of Kiryas Joel, appellant,
v
Assessor of the Town of Woodbury, et al., respondents-respondents; Cornwall Central School District, intervenor respondent-respondent.


Whiteman Osterman & Hanna LLP, Albany, NY (Robert S. Rosborough IV and James J. Wisniewski of counsel), for appellant.
Catania, Mahon, Milligram & Rider, PLLC, Newburgh, NY (Joseph G. McKay and Jeffrey S. Sculley of counsel), for respondents-respondents.
Honeywell Law Firm, PLLC, Albany, NY (Christopher J. Honeywell of counsel), for intervenor respondent-respondent.



DECISION & ORDER
In a tax certiorari proceeding pursuant to Real Property Tax Law article 7, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Orange County (Catherine M. Bartlett, J.), dated May 31, 2018. The order and judgment granted the respondents' motion to dismiss the petition and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
This proceeding arises out of the petitioner's challenge to the respondent Town of Woodbury's tax year 2017 assessment for the petitioner's real property consisting of a water pipeline under construction. The petitioner filed complaints on real property assessment for 2017 with the respondent Board of Assessment Review of the Town of Woodbury (hereinafter the Board), which the Board received on May 23, 2017. By letter dated May 24, 2017, the Board directed the petitioner to provide certain information pertaining to the subject property by June 9, 2017, and expressly informed the petitioner that failure to comply "will be deemed willful refusal . . . and . . . [the] petition will be dismissed." By letter dated June 2, 2017, the petitioner, by counsel, informed the Board that "it will not be possible to provide the information" requested by the set date due to "client schedules and the nature of the information requested." The petitioner did not object to the Board's requests and did not request an extension of time; instead, the petitioner informed the Board that it will "make every effort . . . to submit [the information] as soon as practicable." The Town was legally required to finalize its assessment rolls by July 1, 2017, and the petitioner was aware of the deadline. The Board convened on June 9, 2017, and, having not received any of the requested information or documentation from the petitioner, the Board dismissed the petitioner's complaints. Subsequently, the petitioner commenced this tax certiorari proceeding pursuant to Real Property Tax [*2]Law article 7. The respondents moved to dismiss the petition, and the intervenor respondent, Cornwall Central School District, adopted the respondents' position. The Supreme Court granted the respondents' motion and dismissed the proceeding. The petitioner appeals.
"The Real Property Tax Law provides a scheme for fixing and reviewing tax assessments that involves both administrative and judicial review" (Circulo Hous. Dev. Fund Corp. v Assessor of City of Long Beach, 96 AD3d 1053, 1055; see Matter of Sass v Town of Brookhaven, 73 AD3d 785, 787). At the administrative level, which "is not intended to be an idle exercise," but rather "is designed to seriously address claimed inequities and adjust them amicably if it is possible to do so" (Matter of Sterling Estates v Board of Assessors of County of Nassau, 66 NY2d 122, 125), a board of assessment review "may require the person whose real property is assessed . . . to produce any papers relating to such assessment" (RPTL 525[2][a]; see Matter of Doubleday & Co. v Board of Assessors of Vil. of Garden City, 202 AD2d 424, 424-425). The board determines "what information is material to the proceeding," and the "boundaries of [its] inquiry are broad" (Matter of Grossman v Board of Trustees of Vil. of Geneseo, 44 AD2d 259, 263; see Matter of Jakubovits v Dworshack, 67 AD2d 977, 978). Accordingly, if the property owner "shall willfully neglect or refuse" to provide the board with the requested information, the owner is not entitled to any reduction (RPTL 525[2][a]). If the noncompliance "was occasioned by a desire to frustrate administrative review," then dismissal of a tax certiorari petition is appropriate (Matter of Fifth Ave. Off. Ctr. Co. v City of Mount Vernon, 89 NY2d 735, 742; see Matter of Chester Mall Partners v Village of Chester, 239 AD2d 414, 414). Where a petition is dismissed based on the property owner's alleged willful neglect or refusal to submit information, judicial review is limited to ascertaining whether there is support in the record for dismissal on that ground (see Matter of McCready v Assessor of Town of Ossining, 10 AD3d 452; Matter of Town of Babylon v Perry, 230 AD2d 802, 803).
Under the circumstances of this case, where the petitioner did not request an extension of time and failed to timely provide information and documentation the Board deemed material to its review of the petitioner's complaints, the record supports an inference that the petitioner's noncompliance was occasioned by a desire to frustrate the administrative review process (see Matter of Lowe's Home Ctrs., Inc. v Board of Assessment Review of the Town of Colonie, 78 AD3d 1403, 1404; Matter of Jakubovits v Dworshack, 67 AD2d at 978). This is especially true given that the Board, when it first set the date for production, informed the petitioner that "[f]ailure to produce documents [by the set date] will be deemed willful refusal . . . and . . . [the] petition will be dismissed."
Accordingly, we agree with the Supreme Court's determination to grant the respondents' motion to dismiss the petition.
AUSTIN, J.P., LEVENTHAL, ROMAN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court