■ In the Matter of FEDERAL INSURANCE COMPANY, Appellant, v STATE TAX COMMISSION OF THE DEPARTMENT OF TAXATION AND FINANCE, Respondent.—Mikoll, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered October 19, 1987 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent sustaining an insurance corporation franchise tax assessment imposed under Tax Law article 33.

Petitioner, an insurance corporation organized under the laws of New Jersey, is engaged in the insurance business in New York as a property and casualty insurer. Petitioner challenges respondent's disallowance of $599,371 of investment expenses that petitioner incurred in the production of interest income. In computing its 1979 "entire net income" for purposes of the New York franchise tax on insurance corporations *(see,* Tax Law art 33), petitioner included its Federally exempt interest income and deducted $599,371 of investment expenses incurred in the production of that interest income which it had also deducted from its Federal return *(see,* Tax Law § 1503 [b] [2] [B]; [3]). The deduction for investment expenses allocated to the production of interest income was subsequently disallowed. The disallowance increased petitioner's entire net income by $599,371. The resulting additional franchise tax imposed was $11,555 plus interest of $1,102.31, which was paid by reducing petitioner's tax refund. Petitioner then sought administrative redress, culminating in a determination by respondent that the deduction was properly disallowed.

Petitioner thereafter commenced this CPLR article 78 proceeding to annul respondent's determination and to grant petitioner a judgment ordering a refund, with interest, of the alleged overpayment of taxes. Supreme Court dismissed the petition finding that, although Tax Law § 1503 (b) (3) allows a taxpayer insurance corporation to deduct from its "entire net

income" the "ordinary and necessary expenses paid or incurred during the taxable year attributable to income which is subject to tax under this article but exempt from federal income tax", petitioner had already deducted these expenses under section 265 (a) (1) of the Internal Revenue Code (26 USC § 265 [a] [1]; *see also,* 26 USC § 832 [c] [1]; § 162). The court concluded that although Tax Law article 33 does not specifically prohibit double deductions, it could not be inferred from this omission that the Legislature intended to allow a double deduction.

Tax Law § 1503 (b) (3) provides: "In determining entire net income, there shall be subtracted interest on indebtedness incurred or continued to purchase or carry obligations or securities the income from which is subject to tax under this article but exempt from federal income tax and ordinary and necessary expenses paid or incurred during the taxable year attributable to income which is subject to tax under this article but exempt from federal income tax".

It is petitioner's burden to establish his right to the exemption. As Supreme Court noted, the plain, express and unambiguous language of Tax Law § 1503 (b) (3) entitles petitioner to deduct from its franchise tax return the necessary investment expenses. If the mandate of a statute is clear, the plain meaning of the statute should be enforced *(see, e.g., Matter of Trump-Equitable Fifth Ave. Co. v Gliedman,* 57 NY2d 588, 597). Additionally, tax statutes should, whenever possible, be construed " 'most strongly against the government and in favor of the citizen' " *(Matter of International Harvester Co. v State Tax Commn.,* 58 AD2d 125, 127, quoting *People ex rel. Mutual Trust Co. v Miller,* 177 NY 51, 57). However, "[t]he literal language of the statute will not always be controlling where it contravenes the legislative intent or leads to an unreasonable result" *(Le Drugstore Etats Unis v New York State Bd. of Pharmacy,* 33 NY2d 298, 302).

Supreme Court held that the Legislature could not have intended the double benefit that the statute's plain meaning provides since this is "against the grain of the entire New York State tax scheme". Initially, we note that there are a whole host of situations where a taxpayer will be permitted substantially similar or identical deductions or other benefits under Federal and State systems of taxation *(see,* Tax Law § 1503 [b] [6]; 26 USC § 1212 [regarding computation of net income]; Tax Law § 606 [g] [5]; 26 USC § 23 [regarding solar energy systems]; Tax Law § 606 [c]; 26 USC § 21 [regarding credits for expenses related to certain household and depen-

dent care services necessary for gainful employment]). The double benefit given here is thus not so unusual. Rather, it is consistent with principles of Federalism.

As to legislative intent, there are no contemporaneous legislative materials which would be helpful in that regard. We note, however, that when Tax Law § 1503 (b) (3) was enacted in 1974 (L 1974, ch 649, § 1), Tax Law § 1453 had been on the books for two years. This latter section imposes a franchise tax on banking institutions and allows a deduction in determining the entire net income of a banking corporation of "ordinary and necessary expenses paid or incurred during the taxable year attributable to income which is subject to tax under this article but exempt from federal income tax" (Tax Law § 1453 [e] [2]). That language is identical to the pertinent language of Tax Law § 1503 (b) (3). Unlike the latter, however, the deductions permitted by Tax Law § 1453 (e) are expressly limited "to the extent not deductible in determining federal taxable income". It must be presumed that the Legislature had knowledge of the differences of two such similar sections, in adjacent chapters, and decided intentionally not to include the limitation of Tax Law § 1453 (e) in Tax Law § 1503 (b) (3) (see, McKinney's Cons Laws of NY, Book 1, Statutes § 221 [b], at 376-379; § 222, at 384-385).

The Governor's bill jacket pertinent to Tax Law § 1503 (b) (3) is also not helpful for the purposes of this inquiry. Respondent suggests that the information in the bill jacket that Tax Law article 33 was modeled after Tax Law article 9-A implies that the double deduction was not intended because under article 9-A, a taxpayer is allowed certain deductions from the items of income added to Federal taxable income, but only to the extent not already deducted. We decline to make such a leap in logic. Any such assumption is speculative and conjectural. Although the two articles were based on a like model, the Legislature treated insurance companies and general business corporations differently. Any similarity is attenuated by such legislative recognition of differences in treatment and by the further express statement in Tax Law article 9-A that "corporations taxable under article * * * thirty three of this chapter * * * shall not be subject to tax under this article" (Tax Law § 209 [4]). We conclude that there is no demonstrated legislative intent which would justify a deviation from the plain language of Tax Law § 1503 (b) (3).

Judgment reversed, on the law, with costs, determination annulled, petition granted and matter remitted to respondent for further proceedings not inconsistent with this court's

decision. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.