■ In the Matter of UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK, Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [599 NYS2d 168] —Casey, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained franchise tax assessments imposed under Tax Law article 33.

Petitioner, a life insurance company doing business in New York, objects to the manner in which its franchise tax was computed for 1984 and 1985. The applicable method for computing petitioner's franchise tax for the years in question had as its basis petitioner's "entire net income" *(see,* Tax Law § 1502 [a]), which was presumably the same as petitioner's Federal taxable income as reported to the Internal Revenue Service (Tax Law § 1503 [a]), with certain modifications (Tax Law § 1503 [b]). The modifications required that certain deductions taken to determine Federal taxable income be added back in to determine New York "entire net income".

During the years in question, the Internal Revenue Code allowed life insurance companies to take an additional deduction after calculating taxable income *(see,* 26 USC former § 806 [a]). The additional deduction consisted of 20% of the calculated taxable income; it was not one of those items that had to be added back in to determine New York "entire net income". Because the 20% deduction was applied to Federal taxable income (Federal gross income minus allowable Federal deductions) instead of to gross income, petitioner contends that the effect of the deduction was to reduce its Federal deductions by 20%. Thus, according to petitioner, when its Federal taxable income was modified pursuant to Tax Law § 1503 (b) by adding back in certain Federal deductions to determine New York "entire net income", only 80% of the amount of those Federal deductions should have been added.

Relying upon the general rule that the plain meaning of a statute should be enforced if its mandate is clear *(see, Matter of Federal Ins. Co. v State Tax Commn. of Dept. of Taxation & Fin.,* 146 AD2d 888, 889), respondent Tax Appeals Tribunal

concluded that the plain language of Tax Law § 1503 (b) required that the full value of the Federal deductions be included in petitioner's New York "entire net income". Petitioner concedes that a literal reading of the statute does not permit the reduction which it seeks, but contends that the literal language of the statute should not control when it leads to an absurd result (see, Le Drugstore Etats Unis v New York State Bd. of Pharmacy, 33 NY2d 298, 302). According to petitioner, it is absurd to require the addition of the full value of a deduction which only had the effect of reducing gross income by 80% of the amount of the deduction in the calculation of Federal taxable income.

Petitioner's argument is premised exclusively upon the theory that in the calculation of Federal taxable income, application of the Federal special 20% deduction to Federal taxable income had the effect of reducing petitioner's other Federal deductions by 20%. That theory, however, is wrong. To support its theory, petitioner created the following hypothetical example: An insurance company with $1,000 of income and $400 of business expenses would have $600 of Federal taxable income before the 20% special deduction ($1,000 less $400) and $480 of taxable income after the special deduction ($600 less 20% of $600). If the company had had no business expenses, its taxable income after the special 20% deduction would have been $800 ($1,000 less 20% of $1,000). Because the difference between taxable income with no business expenses ($800) and taxable income with $400 of business expenses ($480) is $320, it is petitioner's theory that the business expense deduction of $400 was effectively reduced by 20% or $80 to $320. In actuality, application of the 20% special deduction to taxable income does not reduce the amount of the other Federal deductions by 20%, but instead it reduces the special deduction by 20% of the other deductions. Thus, in petitioner's example, the special deduction with no business expenses is $200 (20% of $1,000), while the special deduction with $400 of business expenses is $120 (20% of $600), which creates the $80 (20% of $400) difference relied upon by petitioner. In computing its Federal taxable income, petitioner received the benefit of deducting the full amount of its Federal deductions before taking the additional special 20% deduction. Application of the special 20% deduction after the other deductions were taken instead of before reduced the amount of the special deduction, but it had no effect on the other deductions that had already been taken in full. Accordingly, there is nothing absurd about requiring the addition of

the full amount of those deductions pursuant to Tax Law § 1503 (b), and there is no basis for construing the statute in the manner urged by petitioner.

Weiss, P. J., Levine, Mercure and Mahoney, JJ., concur. Adjudged that the determination is confirmed, and petition dismissed, with costs.