[699 NYS2d 787]

In the Matter of PEARL ROSEN et al., Appellants, v ASSESSOR OF THE CITY OF TROY et al., Respondents.

Third Department, December 16, 1999

## APPEARANCES OF COUNSEL

*Marvin I. Honig*, Melrose, for appellants.

*Patrick T. Morphy, Corporation Counsel* of City of Troy (*Audrey V.A. Bullen* of counsel), for respondents.

### OPINION OF THE COURT

SPAIN, J.

In September 1996 petitioners,[1] owners of an improved parcel of property located in the City of Troy, Rensselaer County, initiated a proceeding pursuant to RPTL article 7 challenging the property's 1996 assessed value. Thereafter, upon the parties' mutual agreement, respondents reduced the 1996 assessment from $306,340 to $215,000. The agreement was memorialized in a stipulation and order entered April 18, 1997 which specifically states, in pertinent part, that "no * * * part of this Stipulation and Order [shall] be used for any purpose other than the voluntary settlement of this proceeding as set forth herein."

Two years later, in September 1998, petitioners commenced the instant proceeding seeking to reduce the 1998 assessed value of the property to $150,000. Respondents failed to answer the petition before the return date but, in January 1999, they moved to dismiss the petition asserting that RPTL 727 precluded petitioners' challenge because they had successfully challenged the assessment on the property in Supreme Court only two years prior. Petitioners opposed respondents' motion to dismiss, contending that they had failed to answer and thereby waived any defense based upon RPTL 727. Moreover, petitioners argued that the three-year limitation of RPTL 727

---

1. One of the petitioners in the 1996 proceeding, Harvey Rosen, transferred his interest in the property to his wife, petitioner Pearl Rosen, prior to the instant proceeding.

only applies where the assessment reviewed in the prior proceeding was determined to be "unlawful, unequal, excessive or misclassified by [a] final order or judgment," and not where the prior proceeding was settled by a written stipulation. Supreme Court in a written decision granted respondents' motion to dismiss, from which petitioners now appeal.

We affirm. Initially, petitioners' assertion that respondents' motion to dismiss the petition was untimely, thereby waiving any defense based upon RPTL 727, is without merit. RPTL 712 (1) provides that if a respondent fails to answer the petition, all allegations contained therein are automatically "deemed denied" (*see, Airmont Homes v Town of Ramapo*, 69 NY2d 901, 902; *Matter of Gruen v Deyo*, 218 AD2d 865, 866). This Court has interpreted this statutory provision to permit motions to dismiss where, as here, no answer to the petition has been served (*see, Matter of Stowell v Lesser*, 67 AD2d 1068; *see also*, RPTL 712 [1]). We recently reiterated that "[t]he plain language of this statute compels the finding that respondents [are] not required to move to dismiss prior to the expiration of the time in which to answer" (*Matter of Abramov v Board of Assessors*, 257 AD2d 958, 960, *lv denied* 93 NY2d 813).

We next reject petitioners' contention that RPTL 727 (1) and (3) do not prohibit the instant proceeding because the stipulation and order makes no specific finding that the 1996 assessment was "unlawful, unequal, excessive or misclassified." Insofar as is relevant to this appeal, RPTL 727 (1)[2] provides that: "where an assessment being reviewed pursuant to this article is found to be *unlawful, unequal, excessive or misclassified* by final court order or judgment, the assessed valuation so determined shall not be changed for such property for the next three succeeding assessment rolls" (emphasis supplied). Further, RPTL 727 (3) declares that no petition for review of the assessment of such property shall be made when RPTL 727 (1) is applicable.

As a general rule, the plain meaning of a statute will be enforced if its meaning is clear (*see, Matter of United States Life Ins. Co. v Tax Appeals Tribunal*, 194 AD2d 952, *lv denied* 82 NY2d 657; *Matter of Federal Ins. Co. v State Tax Commn. of Dept. of Taxation & Fin.*, 146 AD2d 888, 889). Nevertheless, " '[t]he literal language of [a] statute will not always be control-

---

**2.** The amendment to RPTL 727 (1), effective January 1, 1999 (*see*, L 1998, ch 318, § 3), has no effect on the issues raised on this appeal.

ling where it contravenes the legislative intent or leads to an unreasonable result' " (*Matter of Federal Ins. Co. v State Tax Commn. of Dept. of Taxation & Fin., supra,* at 889, quoting *Le Drugstore Etats Unis v New York State Bd. of Pharmacy,* 33 NY2d 298, 302; *see, Pardi v Barone,* 257 AD2d 42, 45). A review of the language employed in this statute demonstrates that it is unclear whether subdivisions (1) and (3) of RPTL 727 were intended to apply where, as here, the final order is the product of a stipulation settling a RPTL article 7 assessment challenge and no finding is expressly made therein by the court that the assessment challenged is "unlawful, unequal, excessive or misclassified." Notably, petitioners challenged their 1996 assessment as "excessive, unequal and unlawful."

The legislative history of RPTL 727, enacted in 1995, indicates that its purpose was to prevent assessing units from increasing judicially reduced assessments in succeeding years, to prevent taxpayers from perpetually challenging their assessments (*see,* Mem of Assembly Member Richard L. Brodsky, Bill Jacket, L 1995, ch 693) and to "spare all parties the time and expense of repeated court intervention" (Governor's Mem, Bill Jacket, L 1995, ch 693). Mindful that our primary goal in interpreting an ambiguous statute is to fulfill the Legislature's intent (*see, Pardi v Barone, supra,* at 44), we conclude that RPTL 727 is not to be narrowly restricted to those instances in which an assessment is expressly and judicially determined to be "unlawful, unequal, excessive or misclassified," as this interpretation would eviscerate the statute's intent (*see generally,* McKinney's Cons Laws of NY, Book 1, Statutes § 111). "[T]he literal meaning of the words used must yield when necessary to give effect to the intention of the Legislature" (*Matter of Statewide Roofing v Eastern Suffolk Bd. of Coop. Educ. Servs.,* 173 Misc 2d 514, 517).

If petitioners' restrictive interpretation of the statute were adopted, property owners would be allowed to challenge their assessment every year by settling their court proceeding prior to any judicial determination or trial on the merits, and the assessing unit would likewise be free to increase the assessment the following year, thus forcing a court challenge and more litigation. By contrast, property owners who are successful in challenging their assessment—in the few cases which actually go to trial—would be prohibited from challenging their assessment for the next three years, and the assessing unit would be prohibited from reassessing that property during those years, subject to certain exceptions (*see,* RPTL 727 [1], [2]). Clearly,

such a result would not fulfill the intent underlying the statutory scheme of sparing "all parties the time and expense of repeated court intervention" (Governor's Mem, Bill Jacket, L 1995, ch 693). We therefore conclude that the stipulation and order did not prohibit respondents from raising RPTL 727 as a defense in this proceeding.

Finally, we reject petitioners' argument that had the parties intended RPTL 727 to serve as a bar to future proceedings, they would have specifically included language to that effect in the stipulation and order. Although "parties to a civil dispute are free to chart their own litigation course" (*Mitchell v New York Hosp.*, 61 NY2d 208, 214; *see, General Motors Acceptance Corp. v Gegzno*, 225 AD2d 828, 829, *appeal dismissed* 88 NY2d 1017), and " 'may stipulate away statutory, and even constitutional rights' " (*Mitchell v New York Hosp., supra*, at 214, quoting *Matter of New York, Lackawanna & W. R. R. Co.*, 98 NY 447, 453), there is no language in the 1997 stipulation and order indicating that respondents agreed to waive the three-year prohibition of RPTL 727. Moreover, the parties were not required to specifically provide that RPTL 727 would apply in future proceedings. Accordingly, the stipulation and order did not constitute a waiver by respondents of RPTL 727 as a defense to the instant proceeding.

MERCURE, J. P., PETERS, CARPINELLO and GRAFFEO, JJ., concur.

Ordered that the judgment is affirmed, without costs.