[718 NYS2d 715]

In the Matter of Owens Corning, Appellant, v Board of Assessors of the Town of Bethlehem et al., Respondents.

Third Department, January 11, 2001

## APPEARANCES OF COUNSEL

*Siegel, Fenchel & Peddy, P. C.,* Garden City (*William E. Siegel* of counsel), for appellant.

*Bond, Schoeneck & King, L. L. P.,* Albany (*Patrick L. Seely, Jr.,* of counsel), for respondents.

## OPINION OF THE COURT

SPAIN, J.

Petitioner commenced a proceeding pursuant to RPTL article 7 challenging the assessed value of industrial property it owns in the Town of Bethlehem, Albany County, for the 1996-1997 tax year. A final order in that proceeding was entered upon the parties' stipulation to reduce the assessed value of the subject property from $24.1 million to $17.5 million.

In 1998, respondent Town of Bethlehem conducted a Town-wide revaluation of its 1998 assessment roll but, in light of the stipulation, made no change to the $17.5 million assessment of petitioner's property. Arguing that the general reassessment should have resulted in a further reduction of its assessment, petitioner initiated this RPTL article 7 proceeding. Respondents moved for summary judgment on the theory that RPTL 727 bars the proceeding because it was brought within three years of the previous court-ordered reduction in assessment (*see,* RPTL 727 [1], [3]). Petitioner opposed the motion arguing that the prohibition against challenging an assessment within three years of a court-ordered adjustment does not apply where, as here, a town has engaged in a town-wide reassessment (*see,* RPTL 727 [2] [a]). Supreme Court granted respondents' motion and dismissed the petition. On petitioner's appeal we reverse, concluding that this proceeding is authorized under RPTL 727 (2) (a).

RPTL 727 (1) provides, in pertinent part, as follows:

> "Except as hereinafter provided, * * * where an assessment being reviewed pursuant to this article is found to be unlawful, unequal, excessive or misclassified by final court order or judgment, the assessed valuation so determined shall not be changed for such property for the next three succeeding assessment rolls."

Further, RPTL 727 (3) precludes a taxpayer from filing a petition for review of a property assessment "while the provisions of subdivision one of this section are applicable to such property." In *Matter of Rosen v Assessor of City of Troy* (261 AD2d 9,

12), we held that subdivision (1) of the statute applies even where, as here, the final court order had been entered upon a stipulation. Thus, where a stipulation has been entered reducing the assessed value of real property, the assessment may not be changed in the succeeding three years, either by the assessing unit or by petition (see, id.).

RPTL 727 (2), however, lists specific exceptions to the restriction created by subdivision (1). For example, it states that "[a]n assessment on property subject to the provisions of subdivision one of this section may be changed on an assessment roll where: (a) There is a revaluation or update of all real property on the assessment roll" (RPTL 727 [2] [a]). On this appeal we are asked to determine whether the RPTL 727 (2) (a) exception applies where, as here, the Town-wide "revaluation or update" did not result in any change to petitioner's assessment, as petitioner argues, or whether that exception is only triggered where the general revaluation results in a change in the assessment of the subject property, as Supreme Court concluded.

As with any case of statutory interpretation, we begin our effort to ascertain legislative intent with the language of the statute itself (see, Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583). A literal reading of RPTL 727 (2) (a) supports petitioner's contention that the Town-wide reassessment removes the restriction—created by subdivision (1)—on petitioner's ability to challenge its assessment. Indeed, respondents appear to concede that the subdivision (2) (a) exception is not intended for the sole benefit of the assessing unit but would enable a taxpayer to challenge an assessment within three years of a previous challenge where a general revaluation results in a change in the taxpayer's assessment. Respondents argue, nevertheless, that no such right exists unless the assessing unit first employs the exception in subdivision (2) (a) and, upon reassessment, actually alters the assessment at issue. However, we find nothing in the statutory language to support such a restrictive interpretation of RPTL 727 (2) (a).

In addition, we conclude that petitioner's interpretation is not inconsistent with the purpose of the statute as revealed by its legislative history (see, Matter of Rosen v Assessor of City of Troy, supra, at 11-12; Matter of Tartan Oil Corp. v State of New York Dept. of Taxation & Fin., 239 AD2d 36, 38). RPTL 727 was designed to prevent assessing units from increasing judicially reduced assessments in immediately succeeding

years as well as to preclude taxpayers from perpetually challenging their assessments (*see*, *Matter of Rosen v Assessor of City of Troy*, *supra*, at 12; *see also*, Mem of Assembly Member Richard Brodsky, Bill Jacket, L 1995, ch 693). However, an exception—by its very nature—is intended to limit the application of the rule to which it relates. Here, the exceptions embodied in RPTL 727 (2) were designed to remove the application of the restriction created by subdivision (1)—and, in turn, the restriction created by subdivision (3)—in certain, specifically enumerated scenarios (*see*, Mem of Assembly Member Richard Brodsky, Bill Jacket, L 1995, ch 693).

It is particularly helpful to note that some of the other exceptions detailed in RPTL 727 (2) involve situations where the taxpayer would logically be the one to take the initiative to seek a change in assessment. For example, where the "property has been altered by fire, demolition, destruction or similar catastrophe" (RPTL 727 [2] [e]) or where the "owner of the property becomes eligible * * * to receive an exemption" (RPTL 727 [2] [h]), it is reasonable to presume that the taxpayer should be entitled to challenge a previously litigated but, as yet, unchanged assessment. Likewise, a town-wide revaluation of the assessment roll could justify a challenge by a taxpayer where, for example, the ratio has decreased or the taxpayer's assessment relative to other taxpayers has changed. It would be unseemly to interpret RPTL 727 to grant an assessing unit a purely unilateral right to operate outside of the RPTL 727 (1) restrictions where the statute also clearly contemplates situations where the taxpayer should be entitled to challenge a previously agreed-upon assessment.

Accordingly, we conclude that—pursuant to RPTL 727 (2) (a)—the Town's 1998 general reassessment rendered RPTL 727 (1) inapplicable to petitioner's challenge to the 1998 assessment of the subject parcel and, therefore, the petition should not have been dismissed.

CARDONA, P. J., PETERS, MUGGLIN and LAHTINEN, JJ., concur.

Ordered that the order is reversed, on the law, without costs, and motion denied.