OPINION OF THE COURT
Anthony F. Shaheen, J.
Petitioner Niagara Mohawk Power Corporation commenced these three proceedings under RPTL article 7, challenging the assessed value for tax years 1998, 1999 and 2000 of two parcels of property containing transmission and distribution lines used to transmit electricity.
These same two parcels were also the subject of tax certiorari petitions for the years 1994 through 1997. After significant and lengthy negotiations, the parties agreed to settle only the 1994-1997 proceedings, even though the 1998 and 1999 proceedings were pending at the time of settlement. On April 5, 2000, this Court (Shaheen, J.) signed a stipulated settlement changing the 1994-1997 assessments on these two parcels as follows:
[[Image here]]
[* * * By stipulation of the parties, the proceedings for 1996 and 1997 on parcel 636-1-1 were dismissed, without any determination as to assessed value, thereby reverting to the initial assessment. The stipulated order reduced the value on this parcel only for years 1994 and 1995.]
It is uncontested that prior to entry of this stipulated order, petitioner had timely filed its 1998 and 1999 petitions and the parties had discussed settlement of the 1998 and 1999 petitions, but could not reach a settlement as to these tax years. Petitioner wanted to establish the assessed value for 1998 and 1999 by continuing to utilize the same methodology used in their 1994-1997 stipulation (that is, the formula used by the New York State Office of Real Property Services); whereas, the respondent Town wanted to simply maintain the 1997 agreed-upon value for the subsequent years. Petitioner would not agree to simply maintain the 1997 value because it was inconsistent with the basis for settling the prior years and because it failed to account for the continued depreciation which the property experienced. Accordingly, the parties intentionally limited their settlement in the April 5, 2000 stipulated order to *768 the 1994-1997 petitions; and the 1998 and 1999 pétitions remained in litigation.
It is also uncontested that after entry of the stipulated order, the respondent Town filed its final assessment roll for the 2000 tax year, placing an assessed value on these two parcels back up to the initial and highest value it had in 1994 when petitioner commenced the very first certiorari proceeding which was the subject of the stipulated order. As such, petitioner filed a petition for the 2000 tax year, which also remains in litigation.
Intervenor-respondent Holland Patent Central School District now raises RPTL 727 as a bar to the three pending proceedings and asks this Court to dismiss these tax certiorari petitions, and to continue the 1997 value for the years 1998, 1999 and 2000. Respondent Town of Floyd joins in that motion. Petitioner opposes this motion on the grounds that RPTL 727 was not intended to govern proceedings which are already pending at the time of settlement and which the parties intentionally chose not to include in the settlement. Petitioner further asserts that despite the respondents’ claimed reliance on RPTL 727 in this motion, they violated the intent of RPTL 727 by maintaining the assessments for 1998, 1999 and 2000 at the highest initial assessment (and collecting tax levies at the higher value for those years), which in effect increased the assessment beyond the agreed-upon 1997 value in the stipulated order.
In a case of first impression, the parties ask this Court to interpret RPTL 727, to determine whether that statute bars a property owner from continuing to litigate its assessments for tax years which were intentionally excluded from a stipulated order settling the tax assessments for earlier years on the same property.
As with any statutory interpretation, the Court begins its effort to ascertain legislative intent by looking to the language of the statute itself (Matter of Owens Corning v Board of Assessors, 279 AD2d 118, 120 [3d Dept, Jan. 11, 2001]). RPTL 727 (1), (3) provides that where a tax assessment is found to be unlawful, unequal, excessive or misclassified by court order or judgment, the assessed valuation so determined shall not be changed by the assessor, nor petitioned for review by the property owner, for the next three succeeding assessment rolls. This statute serves as a bar to subsequent tax certiorari proceedings even when the court order reducing the assessment does not make an express finding that the assessment *769 was “unlawful, unequal, excessive or misclassified” (Matter of Rosen v Assessor of City of Troy, 261 AD2d 9, 12-13 [3d Dept, Dec. 16, 1999]). The legislative purpose for this statute was to prevent assessing units from increasing judicially reduced assessments in succeeding years, in order to prevent taxpayers from perpetually challenging their assessments and to spare all parties the time and expense of repeated court intervention (see Mem of Assembly Member Richard L. Brodsky, Bill Jacket, L 1995, ch 693; Governor’s Mem, Bill Jacket, L 1995, ch 693; Matter of Owens Corning, 279 AD2d, at 120; Matter of Rosen, 261 AD2d, at 12-13). Applying this legislative intent to the facts herein, it is clear from the history of dealings between these parties that they had no intention of applying RPTL 727 to the pending proceedings. If they had intended to rely on the three-year ban on subsequent proceedings as set forth in RPTL 727, the respondents would have assessed parcel 636-1-3 at the agreed-upon 1997 value for the three succeeding years (1998, 1999 and 2000), which they did not do. Respondents would have also assessed parcel 636-1-1 at the last, stipulated 1995 value, for the three succeeding years (1996, 1997 and 1998), which they did not do. Rather, when the parties could not reach a settlement of the later pending years, the respondents continued the assessment of both of these parcels at the highest initial assessment without regard to the values set forth in the stipulated order of this Court or the prohibition imposed by RPTL 727. Despite respondents’ claim on this motion that the 1997 value should apply to these parcels for the three succeeding years, they continued to assess these parcels at the highest initial assessment value for the year 2000, and also for the recently filed 2001 tax year. Respondents have demonstrated a clear disregard for RPTL 727; and the history of the parties’ conduct has demonstrated clearly to this Court that they did not, and could not, agree on an assessed valuation for tax years 1998, 1999 and 2000.
Parties to a civil dispute are free to chart their own litigation course, and may even stipulate away statutory or constitutional rights (Matter of Rosen, supra at 13, and cases cited therein). A known, legal right can be waived by implication, provided such waiver by implication is clear, unmistakable and without ambiguity (cf. Matter of Rotterdam Sq. v Town of Rotterdam, 186 Misc 2d 214, 219 [Sup Ct, Schenectady County 2000]). Having agreed to disagree on tax years 1998, 1999 and 2000, and by their conduct having agreed to disregard RPTL 727, the respondents have inferentially waived their right to seek *770 enforcement of the three-year ban on tax proceedings for the years 1998, 1999 and 2000. Where the judicial process is invoked and finality has been established by way of a court order, then the mandates of RPTL 727 should be imposed on both parties, to honor the legislative intent and public policy considerations of that statute. However, where, as here, the parties agreed that they could not agree on an assessed value for tax years 1998, 1999 and 2000, and this fact was clearly known to all parties at the time the stipulated order for tax years 1994 through 1997 was signed, it violates neither the letter nor the spirit of RPTL 727 for this Court to find that the petitioner may continue to prosecute its petitions for tax years 1998, 1999 and 2000.
For the reasons stated, respondents’ motion to dismiss the tax certiorari petitions for tax years 1998, 1999 and 2000 is denied without costs to any party.