Niksus Realty v Assessor of Town of Greenburgh (2004 NY Slip Op 24046)

Niksus Realty v Assessor of Town of Greenburgh

2004 NY Slip Op 24046 [3 Misc 3d 267]

February 11, 2004

Supreme Court, Westchester County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, May 19, 2004

[*1]
Niksus Realty LLC, Petitioner,
v
Assessor of the Town of Greenburgh et al., Respondents.
Supreme Court, Westchester County, February 11, 2004

APPEARANCES OF COUNSEL

Griffin, Coogan & Veneruso, P.C., Bronxville (William E. Sulzer of counsel), for petitioner. Susan A. Mancuso, Town Attorney, Elmsford, for respondents. Schroder & Strom LLP, Mineola (Robert N. Goldstein of counsel), for Ford Leasing Development Co. Jean Huff, Scarsdale, for intervenor-respondent.

{**3 Misc 3d at 267} OPINION OF THE COURT

Peter P. Rosato, J.
{**3 Misc 3d at 268}Petitioner herein, as in its original application, asks the court to declare RPTL 727 inapplicable to the instant proceedings. Petitioner's essential position on reargument is that the court, pursuant to the methodology set forth at RPTL 305 (2), must take fractional assessments into account in order to arrive at a proper assessment of real property. According to petitioner, in any given year, one must compute the so-called "equalized value" of a particular property by way of dividing that year's assessment by the applicable equalization rate for that municipality for the year in question. Ultimately, it is petitioner's position that "it is the equalized value that cannot exceed constitutional limits . . . ." (See supporting affirmation of petitioner's counsel, dated Oct. 21, 2003, at 3.) Petitioner also points out on reargument, for the first time, that in distinguishing the decision rendered in Susquehanna Dev. v Assessor of City of Binghamton (185 Misc 2d 267 [Sup Ct, Tompkins County 2000, Relihan, J.]) this court, in its original decision and order herein of October 7, 2003, failed to take into account the fact "that in the City of Binghamton, where the Susquehanna property was located, fractional assessments are not used and all properties in that jurisdiction are assessed at 100%." (See petitioner's supporting affirmation at 4.)
In weighing petitioner's instant application, two key points must be made. First, as the court stressed in its initial decision and order herein of October 7, 2003, petitioner's argument, at that time, was predicated entirely on annual fluctuations in the equalization rate. Now, on reargument, it is equally apparent that petitioner's emphasis on equalized value represents little more than yet another attempt to convince the court that apparent declines in the equalization rates for assessment years 2000 through 2002 justify a determination that RPTL 727 should be declared inapplicable to the instant case. Plainly, were the court to accept petitioner's reasoning, which it is not, RPTL 727 would be effectively nullified. As the Court pointed out in Matter of Rosen v Assessor of City of Troy (261 AD2d 9 [3d Dept 1999]), in interpreting the effect of a written stipulation entered into between the parties, ultimately reduced to an order, "RPTL 727 is not to be narrowly restricted" nor should it be subject to such judicial interpretation as "would eviscerate the statute's intent." (See Matter of Rosen v Assessor, supra at 12.)
Moreover, to the extent petitioner now argues, for the first time, that fractional assessments are not utilized in the City of Binghamton, the city where the property owned by Susquehanna Development is located, petitioner acknowledges,{**3 Misc 3d at 269} first of all, that such is not discernible on the face of the Susquehanna decision. Moreover, petitioner makes no attempt to argue that such fact, i.e., the fact of 100% assessments within the City of Binghamton, was not known to petitioner at the time of its original motion, and therefore petitioner has offered no excuse whatsoever as to why such an additional fact was not previously presented to this court. Under those circumstances, and regardless whether the instant motion is treated as one for reargument or for renewal of the prior motion, petitioner's instant motion would therefore be denied. (See McFadden v Long Is. R.R., 115 AD2d 644 [2d Dept 1985]; Foley v Roche, 68 AD2d 558 [1st Dept 1979].)
Finally, on reargument, petitioner cites the additional case of Niagara Mohawk Power Corp. v Town of Floyd Assessor (188 Misc 2d 766 [Sup Ct, Oneida County 2001, Shaheen, J.]). There, in a procedural context which appears in some ways quite similar to that which [*2]existed in the instant case, the court held that respondents had, by implication, waived their right to seek enforcement of RPTL 727 where the parties (same owner throughout) intentionally chose not to include in a stipulation of settlement for the years 1994-1997 proceedings then pending for subsequent tax years 1998 and 1999. However, aside from the fact that the Niagara Mohawk decision is in no way binding upon this court, this court, in addition, would opt not to follow the decision in Niagara Mohawk (supra), on the basis that the latter decision tends to negate, or eviscerate, RPTL 727. Such a judicial interpretation, as noted above, is to be avoided. (See Matter of Rosen v Assessor, supra.)
Accordingly, then, for all the above-stated reasons, the court has entertained petitioner's instant motion to reargue. However, upon reargument, the court hereby adheres to its original decision and order herein in all respects and denies petitioner's application to declare RPTL 727 inapplicable to the instant proceedings.