In the Matter of MRE REALTY CORP., Appellant, v ASSESSOR OF TOWN OF GREENBURGH et al., Respondents. [822 NYS2d 629]—

In a proceeding, inter alia, pursuant to CPLR article 78 to compel a reduction in certain real property tax assessments under RPTL 727, the petitioner appeals from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Dickerson, J.), entered August 18, 2005, as denied those branches of the petition which were to reduce real property tax assessments for the subject property for the tax years 2000 and 2001, and for the refund of excess real property taxes paid for those years.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The petitioner is the owner of certain real property located in the respondent Town of Greenburgh. It commenced three separate tax certiorari proceedings pursuant to RPTL 727 contest-

ing the Town's assessments regarding the subject property, one in each of the years 1999, 2002, and 2003. Those proceedings were not consolidated. As relevant here, the proceedings were ultimately resolved when the petitioner and the Town signed a consent judgment, which was approved by the Supreme Court, and entered on February 16, 2005. Among other things, the consent judgment provided that the challenged assessments were "unlawful, unequal, excessive [and/]or misclassified" (see RPTL 727 [1]), and directed a reduction in the assessed value of the property from the sum of $42,590 in each of the years 1999, 2002, and 2003, to the sums of $31,200, $25,300, and $25,000, respectively. The consent judgment directed the Town to correct the assessment rolls for those years, and to make an appropriate refund of excess taxes paid by the petitioner as a result of the higher assessments. The consent judgment also contained a provision reserving to the petitioner the right to apply under RPTL 727 for a judgment to compel a reduction in the assessed valuation of the subject property for the years 2000 and 2001.

The petitioner commenced this CPLR article 78 proceeding in June 2005. Among other things, it alleged that by virtue of RPTL 727, the subject property's assessment for the years 2000 and 2001 should have been reduced to the sum of $31,200, but that the respondents refused to make those adjustments. The petitioner sought a judgment, inter alia, directing the respondents to revise the assessment rolls to make the appropriate entries for the years 2000 and 2001, and directing them to issue refunds of excess taxes paid by the petitioner in those years as a result of the incorrect assessments.

The Town, jointly with the Assessor of the Town of Greenburgh and the Board of Assessment Review of the Town of Greenburgh (hereinafter collectively the Town respondents), and the respondent Elmsford Union Free School District, sued herein as Elmsford School District (hereinafter the District), interposed separate answers to the petition. The respondents Village of Elmsford and Westchester County made separate motions to dismiss the petition.

The Supreme Court denied the petition. It then denied the motions to dismiss as academic. We affirm the order and judgment insofar as appealed from.

RPTL 727 (1) provides, in pertinent part, with exceptions not applicable here, that when an assessment challenged in a tax certiorari proceeding is found to be "unlawful, unequal, excessive or misclassified by a final court order or judgment, the assessed valuation so determined shall not be changed for such property for the next three succeeding assessment rolls pre-

pared on the basis of the three taxable status dates next occurring on or after the taxable status date of the most recent assessment under review in the proceeding subject to such final order or judgment." The purpose of the statutory three-year moratorium is " 'to prevent assessing units from increasing judicially reduced assessments in succeeding years, to prevent taxpayers from perpetually challenging their assessments' " (*Matter of Mallinckrodt Med. v Assessor of Town of Argyle,* 292 AD2d 721, 723 [2002], quoting *Matter of Rosen v Assessor of City of Troy,* 261 AD2d 9, 12 [1999]; *see* Mem of Assembly Member Richard L. Brodsky, Bill Jacket, L 1995, ch 693; *see also Matter of Malta Town Ctr. I, Ltd. v Town of Malta Bd. of Assessment Review,* 3 NY3d 563, 569 [2004]), and "to 'spare all parties the time and expense of repeated court intervention' " (*Matter of Rosen v Assessor of City of Troy, supra* at 12, quoting Governor's Mem, Bill Jacket, L 1995, ch 693).

According to the statute's language, the three-year moratorium begins to run from the taxable status date of the "*most recent assessment under review* in the proceeding subject to [the] final order or judgment" (RPTL 727 [1] [emphasis added]).

Under the circumstances presented, we agree with the Town respondents that the "most recent assessment" under review here, within the meaning of RPTL 727, is the assessment for the year 2003. Although the petitioner brought three separate tax certiorari proceedings to challenge assessments for the years 1999, 2002, and 2003, it sought, and achieved, a global resolution of all three in a single consent judgment—in effect, consolidating them for purposes of disposition. Accordingly, the statutory moratorium applied prospectively from the year 2003, and the petitioner is not entitled to the relief it seeks for the years 2000 and 2001. Since the petitioner specifically disavows any challenge to the years following 2003, we affirm the order and judgment insofar as appealed from.

In light of our determination, it is unnecessary to address the parties' remaining contentions. Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.