■ In the Matter of STATEWAY PLAZA SHOPPING CENTER, by Longley Jones Management Corp., as Managing Agent, Respondent, v ASSESSOR OF CITY OF WATERTOWN et al., Appellants. [930 NYS2d 696]—

Memorandum: Petitioner commenced this proceeding pursuant to RPTL article 7, challenging the tax assessment on the subject parcel for the 2009 tax year. Petitioner had challenged the assessments for the subject parcel for the 2006 and 2007 tax years, and those assessments were upheld by Supreme Court in judgments that are now final. Respondents moved for summary judgment dismissing the petition or, in the alternative, for an order vacating petitioner's note of issue pursuant to 22 NYCRR 202.21 (e) and 202.59, which contain prerequisites for filing a note of issue and certificate of readiness. Petitioner did not oppose the alternative request for relief, provided that it was permitted to re-file the note of issue within one year, and the court granted that alternative relief without prejudice to petitioner's right to re-file within one year of the date of the court's order. Respondents contend on appeal that the court was required to grant their motion insofar as they sought summary judgment dismissing the petition. We affirm inasmuch as, contrary to respondents' contention, RPTL 727 (3) does not bar this proceeding. We note at the outset that respondents are in fact aggrieved by the order, "despite the fact that the relief [they] requested in the alternative, to wit, [striking the note of issue], was granted . . . The [primary] relief [they] clearly sought was dismissal of the [petition] . . . , and the denial of so much of [their] motion as was for dismissal involved a substantial right of" respondents (*Scharlack v Richmond Mem. Hosp.*, 127 AD2d 580, 581 [1987]).

In pertinent part, RPTL 727 states that, "(1) Except as hereinafter provided, . . . where an assessment being reviewed pursuant to this article is found to be unlawful, unequal, excessive or misclassified by final court order or judgment, the assessed valuation so determined shall not be changed for such property for the next three succeeding assessment rolls . . . (3) No petition for review of the assessment on such property shall be filed while the provisions of subdivision one of this section are applicable to such property." It is well settled that, "as a general proposition, RPTL 727 precludes taxpayers from challenging an assessment for three years following a successful court chal-

lenge to that assessment" (*Matter of Curtis/Palmer Hydroelectric Co. v Town of Corinth*, 306 AD2d 794, 796 [2003]; *see Matter of MRE Realty Corp. v Assessor of Town of Greenburgh*, 33 AD3d 802, 803-804 [2006]). Here, it is undisputed that the prior challenges to the assessments for the 2006 and 2007 tax years were unsuccessful, and thus RPTL 727 does not preclude the instant challenge.

Contrary to respondents' further contention, the intent of the Legislature in enacting RPTL 727 does not require a different result. "As this is a question of statutory interpretation, we turn first to the plain language of the statute[ ] as the best evidence of legislative intent" (*Matter of Malta Town Ctr. I, Ltd. v Town of Malta Bd. of Assessment Review*, 3 NY3d 563, 568 [2004]). Here, the Legislature provided therein that an assessment may not be reviewed for three years following a successful court challenge if the "assessment being reviewed pursuant to this article is found to be unlawful, unequal, excessive or misclassified by final court order or judgment" (RPTL 727 [1]). Respondents' proposed interpretation, i.e., that the Legislature intended the statute to apply whenever there was a prior court challenge notwithstanding the outcome of that challenge, would render that statutory language meaningless and would thereby violate the well-settled rule of statutory construction that "[a] construction rendering statutory language superfluous is to be avoided" (*Matter of Branford House v Michetti*, 81 NY2d 681, 688 [1993]; *see* McKinney's Cons Laws of NY, Book 1, Statutes § 231). Present—Smith, J.P., Centra, Carni, Green and Martoche, JJ.