# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**984**
**CA 11-00455**
PRESENT: SMITH, J.P., CENTRA, CARNI, GREEN, AND MARTOCHE, JJ.

---

IN THE MATTER OF STATEWAY PLAZA SHOPPING
CENTER, BY:  LONGLEY JONES MANAGEMENT CORP.,
AS MANAGING AGENT, PETITIONER-RESPONDENT,

            V                                   MEMORANDUM AND ORDER

ASSESSOR OF CITY OF WATERTOWN AND CITY OF
WATERTOWN, RESPONDENTS-APPELLANTS.

---

SLYE & BURROWS, WATERTOWN (JAMES A. BURROWS OF COUNSEL), FOR
RESPONDENTS-APPELLANTS.

GILBERTI STINZIANO HEINTZ & SMITH, P.C., SYRACUSE (MARTIN A. LYNN OF
COUNSEL), FOR PETITIONER-RESPONDENT.

---------------------------------------------------------------------------------------------------------------------

    Appeal from an order of the Supreme Court, Jefferson County (Hugh
A. Gilbert, J.), entered November 23, 2010 in a proceeding pursuant to
RPTL article 7.  The order, insofar as appealed from, denied the
motion of respondents for summary judgment.

    It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

    Memorandum:  Petitioner commenced this proceeding pursuant to
RPTL article 7, challenging the tax assessment on the subject parcel
for the 2009 tax year.  Petitioner had challenged the assessments for
the subject parcel for the 2006 and 2007 tax years, and those
assessments were upheld by Supreme Court in judgments that are now
final.  Respondents moved for summary judgment dismissing the petition
or, in the alternative, for an order vacating petitioner's note of
issue pursuant to 22 NYCRR 202.21 (e) and 202.59, which contain
prerequisites for filing a note of issue and certificate of readiness.
Petitioner did not oppose the alternative request for relief, provided
that it was permitted to re-file the note of issue within one year,
and the court granted that alternative relief without prejudice to
petitioner's right to re-file within one year of the date of the
court's order.  Respondents contend on appeal that the court was
required to grant their motion insofar as they sought summary judgment
dismissing the petition.  We affirm inasmuch as, contrary to
respondents' contention, RPTL 727 (3) does not bar this proceeding.
We note at the outset that respondents are in fact aggrieved by the
order, "despite the fact that the relief [they] requested in the
alternative, to wit, [striking the note of issue], was granted . . .
The [primary] relief [they] clearly sought was dismissal of the

[petition] . . ., and the denial of so much of [their] motion as was for dismissal involved a substantial right of" respondents (*Scharlack v Richmond Mem. Hosp.*, 127 AD2d 580, 581).

In pertinent part, RPTL 727 states that, "(1) Except as hereinafter provided, . . . where an assessment being reviewed pursuant to this article is found to be unlawful, unequal, excessive or misclassified by final court order or judgment, the assessed valuation so determined shall not be changed for such property for the next three succeeding assessment rolls . . . (3) No petition for review of the assessment on such property shall be filed while the provisions of subdivision one of this section are applicable to such property."  It is well settled that, "as a general proposition, RPTL 727 precludes taxpayers from challenging an assessment for three years following a successful court challenge to that assessment" (*Matter of Curtis/Palmer Hydroelectric Co. v Town of Corinth*, 306 AD2d 794, 796; *see Matter of MRE Realty Corp. v Assessor of Town of Greenburgh*, 33 AD3d 802, 803-804).  Here, it is undisputed that the prior challenges to the assessments for the 2006 and 2007 tax years were unsuccessful, and thus RPTL 727 does not preclude the instant challenge.

Contrary to respondents' further contention, the intent of the Legislature in enacting RPTL 727 does not require a different result. "As this is a question of statutory interpretation, we turn first to the plain language of the statute[] as the best evidence of legislative intent" (*Matter of Malta Town Ctr. I, Ltd. v Town of Malta Bd. of Assessment Review*, 3 NY3d 563, 568).  Here, the Legislature provided therein that an assessment may not be reviewed for three years following a successful court challenge if the "assessment being reviewed pursuant to this article is found to be unlawful, unequal, excessive or misclassified by final court order or judgment" (RPTL 727 [1]).  Respondents' proposed interpretation, i.e., that the Legislature intended the statute to apply whenever there was a prior court challenge notwithstanding the outcome of that challenge, would render that statutory language meaningless and would thereby violate the well-settled rule of statutory construction that "[a] construction rendering statutory language superfluous is to be avoided" (*Matter of Branford House v Michetti*, 81 NY2d 681, 688; *see* McKinney's Cons Laws of NY, Book 1, Statutes § 231).

Entered:  September 30, 2011                      Patricia L. Morgan
                                                 Clerk of the Court