Matter of T.B.S. Realty Mgt., LLC v Town of Ramapo (2019 NY Slip Op 06400)





Matter of T.B.S. Realty Mgt., LLC v Town of Ramapo


2019 NY Slip Op 06400


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-02426
 (Index Nos. 33584/12, 33396/13)

[*1]In the Matter of T.B.S. Realty Mgt., LLC, respondent,
v
Town of Ramapo, et al., appellants.


Michael L. Klein, Town Attorney, Suffern, NY (Beth B. Finkelstein and James Birnbaum of counsel), for appellants.
Goodfriend, Saltzman & Goodfriend, Suffern, NY (Mark F. Goodfriend of counsel), for respondent.



DECISION & ORDER
In related proceedings pursuant to RPTL article 7 to review real property tax assessments for tax years 2012 and 2013, the Town of Ramapo, its Assessor, and the Board of Assessment Review appeal from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated January 9, 2018. The order, insofar as appealed from, denied their motion pursuant to RPTL 727 to dismiss the proceedings.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the appellants' motion pursuant to RPTL 727 to dismiss the proceedings is granted.
In 2007, 2008, 2009, and 2010, the petitioner commenced separate tax certiorari proceedings challenging the assessments of its property for tax years 2007 through 2010, respectively. The parties settled the proceedings by an order and judgment, which was signed by the Supreme Court on January 12, 2011, reducing the assessments for tax years 2007 and 2010. On July 5, 2012, the petitioner filed a notice of petition and petition challenging the assessment for tax year 2012, and on July 3, 2013, the petitioner filed a notice of petition challenging the assessment for tax year 2013. On November 28, 2016, the appellants moved to dismiss the proceedings on the ground that RPTL 727 imposed a three-year moratorium upon further challenges to the property's tax assessment (see RPTL 727[1], [3]). The Supreme Court denied the motion, finding that the petitioner had been prejudiced by the appellants' delay in bringing the motion. This appeal ensued.
RPTL 727 provides that, absent certain exceptions not applicable here, "[w]here an assessment being reviewed pursuant to [RPTL article 7] is found to be unlawful, unequal, excessive or misclassified by final court order or judgment, the assessed valuation so determined shall not be changed for such property for the next three succeeding assessment rolls prepared on the basis of the three taxable status dates next occurring on or after the taxable status date of the most recent assessment under review in the proceeding subject to such final order or judgment" (RPTL 727[1]). The statute further provides that "[n]o petition for review of the assessment on such property shall be filed while the provisions of [RPTL 727(1)] are applicable to such property" (RPTL 727[3]).
"RPTL 727 prevents municipalities from increasing judicially reduced assessments [*2]in succeeding years, and likewise prevents property owners from perpetually challenging their tax assessments. All parties thereby avoid the time and expense of repeated court interventions" (Matter of ELT Harriman, LLC v Assessor of Town of Woodbury, 128 AD3d 201, 207-208 [citations omitted]; see Matter of The Torok Trust v Town Bd. of Town of Alexandria, 128 AD3d 97, 100; Matter of MRE Realty Corp. v Assessor of Town of Greenburgh, 33 AD3d 802, 804; Matter of Mallinckrodt Med. v Assessor of the Town of Argyle, 292 AD2d 721, 723; Matter of Rosen v Assessor of City of Troy, 261 AD2d 9, 12). RPTL 727 applies to property owners, even where, as here, the final order or judgment is entered upon stipulation of the parties (see Matter of ELT Harriman, LLC v Assessor of Town of Woodbury, 128 AD3d at 207; Matter of Rosen v Assessor of City of Troy, 261 AD2d at 13).
Contrary to the Supreme Court's determination, the petitioner failed to demonstrate a legally sufficient basis for denying the appellants' motion. While the petitioner alleges that the appellants waited too long before making their motion, this argument is without legal and factual merit. Prior to the petitioner's filing of a request for judicial intervention, note of issue, and certificate of readiness on May 16, 2016 (cf. RPTL 718[2][d]), the parties had conducted only limited discovery (see 22 NYCRR 202.59[b], [c]), and it was undisputed that court-ordered appraisals had yet to be exchanged (see 22 NYCRR 202.59[e][1]). Moreover, in opposing the appellants' motion, the petitioner acknowledged that it had "erroneously" commenced the proceedings.
Accordingly, the Supreme Court should have granted the appellants' motion (see RPTL 727[1], [3]; Matter of MRE Realty Corp. v Assessor of Town of Greenburgh, 33 AD3d at 804; Matter of Retail Prop. Trust v Board of Assessors of Town of Clarkstown, 17 AD3d at 471; Matter of Rosen v Assessor of City of Troy, 261 AD2d at 13).
SCHEINKMAN, P.J., RIVERA, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court