Matter of Silo Ridge LL29, LLC v Town of Amenia (2024 NY Slip Op 01184)

Matter of Silo Ridge LL29, LLC v Town of Amenia

2024 NY Slip Op 01184

Decided on March 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2022-02818
 (Index No. 51797/20)

[*1]In the Matter of Silo Ridge LL29, LLC, appellant,
v
Town of Amenia, etc., et al., respondents, et al., intervenor-respondent.

Herman Katz Cangemi Wilkes & Clyne, LLP, Tarrytown, NY (David C. Wilkes and Nicholas J. Connolly of counsel), for appellant.
Cappillino Rothschild & Egan LLP, Pawling, NY (Shane J. Egan of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to Real Property Tax Law article 7 to review a real property tax assessment for the 2020 tax year, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (James V. Brands, J.), dated March 7, 2022. The judgment, upon an order of the same court dated January 5, 2022, granting the motion of the respondents, Town of Amenia, its Assessor, and its Board of Assessment Review, for summary judgment dismissing the petition, is in favor of the respondents and against the petitioner determining that the assessed value of the subject property shall remain at the 2019 assessed value pursuant to Real Property Tax Law § 727 and dismissing the proceeding.
ORDERED that the judgment is reversed, on the law, with costs, the petition is reinstated, the motion of the respondents, Town of Amenia, its Assessor, and its Board of Assessment Review, for summary judgment dismissing the petition is denied, the order dated January 5, 2022, is modified accordingly, and the matter is remitted to the Supreme Court, Dutchess County, for further proceedings consistent herewith.
The petitioner commenced this proceeding pursuant to Real Property Tax Law article 7 to review a real property tax assessment for the 2020 tax year. The respondents, Town of Amenia, its Assessor, and its Board of Assessment Review (hereinafter collectively the Town), moved for summary judgment dismissing the petition. The Supreme Court granted the motion. Subsequently, a judgment was entered in favor of the Town and against the petitioner determining that the assessed value of the subject property shall remain at the 2019 assessed value pursuant to Real Property Tax Law § 727 and dismissing the proceeding. The petitioner appeals.
In moving for summary judgment, the Town contended, among other things, that this proceeding was barred by RPTL 727(1) in light of a 2019 judgment entered on consent of the parties. RPTL 727(1) "imposes a moratorium upon further challenges to the property's tax assessment for a three-year period" (Matter of ELT Harriman, LLC v Assessor of Town of Woodbury, 128 AD3d 201, 207) where an assessment is found to be "unlawful, unequal, excessive or misclassified by final court order or judgment" (RPTL 727[1]). "RPTL 727(1) applies to property owners, even where, [*2]as here, the final order or judgment is entered upon stipulation of the parties" (Matter of ELT Harriman, LLC v Assessor of Town of Woodbury, 128 AD3d at 207). However, "RPTL 727(2) sets forth certain circumstances under which property assessments may be challenged despite the three-year moratorium" (id. at 208). As relevant to this proceeding, RPTL 727(2)(a) provides that "[a]n assessment on property subject to the provisions of subdivision one of this section may be changed on an assessment roll where . . . [t]here is a revaluation or update of all real property on the assessment roll."
Here, viewing the evidence in the light most favorable to the nonmoving petitioner (see Stukas v Streiter, 83 AD3d 18, 22), there exists a triable issue of fact as to whether there was a revaluation or update of all real property on the assessment roll so as to permit a challenge to the tax assessment despite the three-year moratorium resulting from the 2019 consent judgment. The record includes email correspondence between the Town and the New York State Department of Taxation and Finance (hereinafter NYSDTF), wherein the Town indicates that it will be conducting a reassessment in 2020. Indeed, in a reply affidavit in support of the Town's motion for summary judgment, the Town Assessor acknowledges that the Town conducted a reassessment in 2020. Although RPTL 727 does not define "revaluation," the definitions for the Real Property Tax Law provide, in part, that "[r]evaluation, reassessment or update means a systematic review of the assessments of all locally assessed properties, valued as of the valuation date of the assessment roll containing those assessments" (id. § 102[12-a]; see Matter of Malta Town Ctr. I, Ltd. v Town of Malta Bd. of Assessment Review, 3 NY3d 563, 568-569). Correspondence in the email chain between the Town and the NYSDTF indicates that a reassessment "is synonymous with the terms revaluation, reappraisal and update." While the Town Assessor makes statements in his reply affidavit to the effect that, in 2020, the Town conducted a particular type of reassessment on certain parcels, not on all real property on the assessment roll, under the circumstances, his statements do not eliminate all triable issues of fact regarding whether the RPTL 727(2)(a) exception applies.
The Town contended that the petitioner cannot maintain its challenge because the assessed value of its property was not increased. However, RPTL 727(2)(a) does not limit the exception contained therein to circumstances where the assessing unit has increased the valuation of the subject property (see Matter of Owens Corning v Board of Assessors of Town of Bethlehem, 279 AD2d 118, 120-121).
The Town's remaining contentions are without merit.
Accordingly, we reverse the judgment, reinstate the petition, deny the Town's motion for summary judgment dismissing the petition, modify the order dated January 5, 2022, accordingly, and remit the matter to the Supreme Court, Dutchess County, for further proceedings consistent herewith.
DILLON, J.P., MILLER, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court