■ DELANCEY STREET FOUNDATION, INC., Appellant, v BOARD OF ASSESSMENT REVIEW AND ASSESSORS OF THE TOWN OF SOUTHEAST et al., Respondents.—In a proceeding pursuant to Real Property Tax Law article 7, the petitioner appeals from a judgment of the Supreme Court, Putnam County (Burchell, J.), dated June 14, 1984, which dismissed the petition.

Judgment affirmed, without costs or disbursements.

Real Property Tax Law § 420-a (1) provides, in general, that real property will be exempt from tax when it is "owned by a corporation or association organized or conducted exclusively for religious, charitable, hospital, educational, or moral or mental improvement of men, women or children purposes * * * and used exclusively for carrying out thereupon one or more of such purposes". To be entitled to an exemption under this statute, it must be shown, first, that the corporation seeking the exemption is one organized exclusively for one or more of the statutory purposes, and second, that the property in question be devoted exclusively to such use; however, "exclusive" in the sense of the statute has been interpreted to mean only "principal" or "primary" (*see, Matter of Association of Bar v Lewisohn,* 34 NY2d 143, 153). The exemption statute must be construed strictly against the taxpayer seeking the benefit of the exemption, but "an interpretation so literal and narrow that it defeats the exemption's settled purpose is to be avoided" (*Matter of Association of Bar v Lewisohn, supra,* p 153; *Matter of Symphony Space v Tishelman,* 60 NY2d 33, 36).

Petitioner was incorporated for the purpose of rehabilitating

persons with drug or alcohol caused debilities. While this function is both admirable and laudatory, it does not appear to be the type of general public service for which the "moral and mental improvement" exemption was included (*see,* NY Legis Ann, 1972, p 266; *Matter of Presbyterian Residence Center Corp. v Wagner,* 66 AD2d 998, *affd* 48 NY2d 885 *on mem at the App Div; Matter of Symphony Space v Tishelman, supra*). Consequently, petitioner's application for an exemption was properly denied. Bracken, J. P., O'Connor, Rubin and Kunzeman, JJ., concur.