[620 NYS2d 566]

In the Matter of DYNAMITE YOUTH CENTER FOUNDATION, INC., Appellant, v ASSESSOR OF THE TOWN OF FALLSBURG et al., Respondents.

Third Department, December 29, 1994

**APPEARANCES OF COUNSEL**

*Brandt & Brandt,* New York City *(Willa I. Lewis* and *Lauren A. Neufeld* of counsel), for appellant.

*Murry Gaiman, Town Attorney* of the Town of Fallsburg, Woodridge, for respondents.

*Cravath, Swaine & Moore,* New York City *(Amy Gutman* and *Robert F. Mullen* of counsel), for New York State Association of Substance Abuse Programs, *amicus curiae.*

*LeBoeuf, Lamb, Greene & MacRae,* New York City *(Stanley C. Macel, IV,* and *Leon E. Roday* of counsel), for Lawyers Alliance for New York and another, *amici curiae.*

*G. Oliver Koppell, Attorney-General,* Albany *(Andrea Oser, Jerry Boone* and *Peter H. Schiff* of counsel), for New York State Office of Alcoholism and Substance Abuse Services, *amicus curiae.*

*Robert L. Beebe,* Albany *(Marc Ganz* of counsel), for New York State Board of Equalization and Assessment, *amicus curiae.*

### OPINION OF THE COURT

CARDONA, P. J.

Petitioner is a New York not-for-profit corporation organized for the purpose of rehabilitating young adults and youths from drug abuse and other related activities. In furtherance of these purposes, it owns a large tract of land improved with nine buildings, including dormitories, staff housing, a school, a gymnasium and a workshop, on which it operates a drug rehabilitation center. Respondents assessed the property without applying an exemption pursuant to RPTL 420-a. Petitioner commenced this proceeding to determine its entitlement to a tax exemption pursuant to RPTL 420-a (1) and appeals from Supreme Court's order dismissing the petition.

Supreme Court relied upon *Delancey St. Found. v Board of Assessment Review & Assessors* (112 AD2d 132), which concluded that rehabilitating persons with drug- and alcohol-caused debilities was not the type of general public service for which the RPTL 420-a (1) (a) "moral or mental improvement of men, women or children" exemption was intended. As in *Delancey St. Found.,* the sole issue is whether a nonprofit corporation otherwise eligible which is organized for and conducting drug and narcotics rehabilitation activities falls within the mandatory class entitled to a real property tax exemption under RPTL 420-a (1). We respectfully disagree with the *Delancey* conclusion.

While real property tax exemption statutes are strictly construed against the taxpayer, an interpretation so narrow and literal that defeats the exemption's purpose is to be avoided *(see, Matter of Symphony Space v Tishelman,* 60 NY2d 33, 36). The "moral or mental improvement" category can include a musical and artistic performing arts theatre *(supra,* at 36),* land held for environmental and conservation purposes *(Mohonk Trust v Board of Assessors,* 47 NY2d 476), and facilities of an organization devoted to informing the public on homosexuality, homophobia and AIDS *(Gay Alliance v City Assessor of City of Rochester,* 201 AD2d 887). It has been held to include the investigation and research of delinquency and narcotics and the care of persons so affected *(Lower E. Side Action Project v Town of Liberty,* 70 Misc 2d 562, *amended* 87 Misc 2d 860; *see, Matter of Glickenhaus Found. v Board of Assessors,* 40 AD2d 1059). Absent a legislative removal of drug rehabilitation from this category within which it so clearly fits, we conclude that such purposes are exempt and this land, as so used, is not subject to the property tax.

MIKOLL, MERCURE, CASEY and YESAWICH JR., JJ., concur.

Ordered that the order is reversed, on the law, with costs, petition granted and it is declared that petitioner is entitled to an exemption pursuant to RPTL 420-a.