■ In the Matter of SMITH BARNEY HARRIS UPHAM & CO., INC., et al., Appellants, v ALISA R. KASACHKOFF, Respondent. [629 NYS2d 249] —Order, Supreme Court, New York County (Stephen Crane, J.), entered on or about December 7, 1993, which dismissed as abandoned pursuant to 22 NYCRR 202.48 petitioners' proceeding to stay arbitration and denied respondent's motion to vacate her default, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of reinstating the March 31, 1992 decision requiring settlement of a judgment, and directing that petitioners shall have 30 days from the date of this order to effect said settlement, and otherwise affirmed, without costs.

We find the IAS Court's dismissal of the instant proceeding and the vacatur of the court's prior determination deleting an award of punitive damages against petitioners, as abandoned, an improvident exercise of discretion. Although the IAS Court, in its March 31, 1992 decision, had directed settlement of a judgment, thereby requiring that one be submitted within 60 days (*see generally, Martin v Triborough Bridge & Tunnel Auth.*, 180 AD2d 596), and while the more prudent course would have been to settle a judgment, petitioners' failure to do so should have been excused in view of the ongoing settlement negotiations (*see, Bythewood v 333 E. Broadway Owners Corp.*, 201 AD2d 604), and continuing active litigation of the matter, with petitioners reasonably anticipating that respondent would seek vacatur of the very default that had resulted in the direction that petitioners settle a judgment. Under these circum-

stances the policy of determining issues on the merits is superior to the interest in finality. Even so, we agree with the IAS Court's denial of respondent's motion to vacate her default in view of her lengthy delay in seeking such relief based upon an excuse essentially amounting to law office failure. Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Tom, JJ.