■ In the Matter of FOX MEADOW PARTNERS, LTD., Appellant, v BOARD OF ASSESSMENT REVIEW, TOWN OF LAGRANGE, Respondent. [642 NYS2d 68] —In a proceeding pursuant to Real Property Tax Law article 7, the petitioner appeals from an order of the Supreme Court, Dutchess County (Palella, J.), dated April 19, 1995, which, upon denying the branch of its motion which was for summary judgment dismissing the first affirmative defense of the Board of Assessment Review, Town of LaGrange, dismissed the proceeding on the ground that the

petitioner's default in failing to appear at a hearing constituted "willful neglect".

Ordered that the order is affirmed, with costs.

Real Property Tax Law § 525 (2) (a), provides, in relevant part, that on the date set for a hearing and determination of a complaint concerning a property tax assessment, "[i]f the person whose real property is assessed, or his agent or representative, shall *willfully neglect* or refuse to attend and be so examined, or to answer any question put to him relevant to the complaint or assessment, such person shall not be entitled to any reduction of the assessment subject to the complaint" (Real Property Tax Law § 525 [2] [a] [emphasis supplied]; *see, Matter of Doubleday & Co. v Board of Assessors,* 202 AD2d 424; *Matter of Hyacinthe v Glaser,* 104 AD2d 651). Under the circumstances of this case, where the petitioner failed to appear at the hearing, or to supply any witnesses, a finding of willful neglect was implicit in the rejection of the petitioner's grievance complaint by the Board of Assessment Review, Town of LaGrange (hereinafter the Board). This is especially true in view of the fact that when the Board first set the date of the hearing it informed the petitioner that "failure to appear to testify or to produce * * * documents *will be considered willful neglect*" (emphasis supplied). Accordingly, the court properly dismissed the petition on the ground of willful neglect.

The petitioner's remaining contentions lack merit. Balletta, J. P., Sullivan, Copertino and Krausman, JJ., concur.