■ In the Matter of the Town of Babylon, Respondent, v Fred N. Perry, Appellant. [646 NYS2d 623] —In a proceeding pursuant to RPTL article 7 to review assessments of real property, the appeal is from an order of the Supreme Court, Suffolk County (Werner, J.), dated March 20, 1995, which granted the

petition of the Town of Babylon to dismiss the appellant's small claims assessment review complaints.

Ordered that the order is affirmed, with costs.

RPTL 525 (2) (a) provides, in relevant part, that on the date set for a hearing and determination of a complaint concerning a property tax assessment, "[i]f the person whose real property is assessed, or his agent or representative, shall *willfully neglect or refuse* to attend and be so examined, or to answer any question put to him relevant to the complaint or assessment, such person shall not be entitled to any reduction of the assessment subject to the complaint" (emphasis supplied; *see, Matter of Fox Meadows Partners v Board of Assessment Review,* 227 AD2d 400; *Matter of Doubleday & Co. v Board of Assessors,* 202 AD2d 424). Here, the appellant failed to appear on the designated Grievance Day and failed to furnish necessary documentation at that time. The Board's determination that the appellant's noncompliance was willful was therefore supported by the record (*see, Matter of Fox Meadows Partners v Board of Assessment Review, supra; Matter of Jakubovitz v Dworschak,* 67 AD2d 977). Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.