◼ In the Matter of PAUL SARSFIELD et al., Respondents, v BOARD OF ASSESSORS OF TOWN OF ISLIP et al., Appellants. [659 NYS2d 773] —In consolidated small claims assessment review proceedings pursuant to Real Property Tax Law, article 7, title 1-A, to review 738 small claims assessment review petitions, the appeal is from an order of the Supreme Court, Suffolk County (Werner, J.), dated May 29, 1996, which denied the appellants' motion to dismiss the proceedings.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the proceedings are dismissed.

Real Property Tax Law § 525 (2) (a) provides, in relevant part, that on the date set for a hearing and determination of a complaint concerning a property tax assessment, "[i]f the person whose real property is assessed, or his agent or representative, shall *willfully neglect or refuse* to attend and be so examined, or to answer any question put to him relevant to the complaint or assessment, such person shall not be entitled to any reduction of the assessment subject to the complaint" (Real Property Tax Law § 525 [2] [a] [emphasis supplied]; *see, Matter of Town of Babylon v Perry,* 230 AD2d 802; *Matter of Fox Meadow Partners v Board of Assessment Review,* 227 AD2d 400). Here, the petitioners failed to produce documentation requested by the Board of Assessment Review (hereinafter the Board). Accordingly, the Board's determination that the petitioners' noncompliance was willful was supported by the record *(see, Matter of Town of Babylon v Perry, supra; Matter of*

*Fox Meadows Partners v Board of Assessment Review, supra).* Bracken, J. P., Copertino, Pizzuto and Santucci, JJ., concur.