■ In the Matter of PARKWAY PLAZA, L.P., Appellant, v ASSESSOR OF CITY OF CANANDAIGUA, Respondent, et al., Respondent. [703 NYS2d 790] —Order unanimously affirmed without

costs. Memorandum: Petitioner commenced this proceeding pursuant to article 7 of the Real Property Tax Law to obtain judicial review of its assessment for the 1996/1997 tax year. Petitioner appeals from an order granting the motion of the Assessor of the City of Canandaigua (respondent) to dismiss the petition on the ground that petitioner had willfully failed to comply with a reasonable request of the Board of Assessment Review for further information in support of petitioner's tax grievance, thereby forfeiting petitioner's right to judicial review (*see*, RPTL 525 [2] [a]).

Supreme Court properly exercised its discretion in excusing respondent's failure to submit the order within 60 days after the signing and filing of the decision directing that the order be submitted (*see*, 22 NYCRR 202.48). The court properly found that good cause exists for signing the order despite respondent's delay in submitting it (*see, Abby Varieties v Colonial Vil.*, 252 AD2d 473; *Lawton v Lawton*, 239 AD2d 866; *Cohen v Kessler*, 236 AD2d 356). We note that there are "compelling" policies that favor excusing the late settlement of the order in this case (*Oliva v Lucero*, 212 AD2d 407), including those against nullifying the court's determination of the merits of the case, burdening the court with the trial of a demonstrably meritless action, undermining the proper "repose" of a court proceeding, or otherwise wasting judicial resources (*Meany v Supermarkets Gen. Corp.*, 239 AD2d 393, 394; *see, Dime Sav. Bank v Anzel*, 232 AD2d 446, 446-447; *Crawford v Simmons*, 226 AD2d 667; *Matter of Smith Barney Harris Upham & Co. v Kasachkoff*, 217 AD2d 443; *Matter of Smith v City of New York*, 213 AD2d 309, 310).

The court properly dismissed the proceeding for petitioner's willful failure to provide relevant information requested by the Board of Assessment Review (*see*, RPTL 525 [2] [a]; *Matter of Sarsfield v Board of Assessors*, 240 AD2d 506, *appeal dismissed* 90 NY2d 1007; *Matter of Chester Mall Partners v Village of Chester*, 239 AD2d 414, 414-415; *Matter of Lynch v Board of Assessors*, 227 AD2d 486; *Matter of Doubleday & Co. v Board of Assessors*, 202 AD2d 424, 424-425, *lv dismissed* 83 NY2d 906). Contrary to petitioner's argument, "[i]t is for the [Board of Assessment Review], not the taxpayer, to determine what information is material to the proceeding" (*Matter of Grossman v Board of Trustees*, 44 AD2d 259, 263). (Appeal from Order of Supreme Court, Ontario County, Harvey, J.—RPTL.) Present—Wisner, J. P., Hurlbutt, Balio and Lawton, JJ.