In the Matter of ARTHUR JANKOLOVITS, Respondent, v TAX COMMISSION OF THE CITY OF NEW YORK, Appellant.

(Proceeding No. 1.) In the Matter of ARTHUR JANKOLOVITS, Respondent, v TAX COMMISSION OF THE CITY OF NEW YORK, Appellant. (Proceeding No. 2.) In the Matter of EMPIRE TAX REDUCTION, INC., FBO HARPER, MARTIN W., Respondent, v TAX COMMISSION OF THE CITY OF NEW YORK et al., Appellants. (Proceeding No. 3.) In the Matter of NAUM FARBEROV, Respondent, v TAX COMMISSION OF THE CITY OF NEW YORK, Appellant. (Proceeding No. 4.) [710 NYS2d 625] —In four related proceedings pursuant to RPTL article 7, title 1 and 1-A, the appeal is from an order of the Supreme Court, Kings County (Scholnick, J.), dated June 17, 1999, which denied the appellants' motion, *inter alia*, to dismiss the proceedings.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the proceedings are dismissed.

In 1997, Empire Tax Reductions, Inc. (hereinafter Empire), filed, on behalf of property owners, 1,181 applications for correction of the tentative assessed value of their properties. Of those, 593 applications were signed by the property owners and 588 were signed by Empire's principal, Claire Gangi. The Tax Commission of the City of New York rejected the applications signed by Gangi on the ground that the City Charter requires that such applications be signed by a person with personal knowledge of the facts. Thereafter, these four proceedings were commenced by several of the property owners. The appellants moved to dismiss the proceedings or, in the alternative, for summary judgment on the ground that the applications signed by Gangi were jurisdictionally defective. The Supreme Court denied the motion, and this appeal ensued.

An application for the correction of a tax assessment must be duly verified by a person having personal knowledge of the facts stated therein (*see,* New York City Charter § 163 [b]; 21 RCNY 1-04 [a] [2]). New York City Charter § 164-b (d), specifically applicable to class one properties (*see,* Real Property Law art 18), requires that the application for correction of the tax assessment be made "by the aggrieved party or by some person authorized in writing by the aggrieved party or his agent to make such statement who has knowledge of the facts stated therein". If the application is signed by an agent, the agent must complete a statement of authority and knowledge, which expressly cautions that where the agent's authority is a limited power of attorney for assessment review purposes only, the agent must nonetheless have personal knowledge of the facts. The filing of a timely application (*see,* 21 RCNY 1-04 [a] [1]) signed by a person with personal knowledge of the facts stated therein (*see,* 21 RCNY 1-04 [a] [2]) is a jurisdictional prerequi-

site. An application which is not signed by the aggrieved party or an authorized agent is to be endorsed "Defective—No Action Taken" (21 RCNY 1-04 [a] [3]).

Contrary to the Supreme Court's conclusion, the applications signed by Empire's principal, Claire Gangi, did not satisfy the City Charter requirement that the signer of the application have personal knowledge of the facts. Accordingly, the appellants properly rejected as defective the applications signed by Gangi. Since the petitioners failed to file a timely application for correction of their tax assessments, the proceedings pursuant to RPTL article 7 must be dismissed (*see,* RPTL 706 [2]; *Matter of Parkway Plaza v Assessor of City of Canandaigua,* 269 AD2d 811). Joy, J. P., Thompson, Krausman and Goldstein, JJ., concur.