■ In the Matter of VIACOM CORPORATION, Formerly Known as CBS CORPORATION, Formerly Known as WESTINGHOUSE CORPORATION, Appellant, v BOARD OF ASSESSORS OF THE TOWN OF HORSEHEADS et al., Respondents. [744 NYS2d 539] —Carpinello, J. Appeal from a judgment of the Supreme Court (Castellino, J.), entered October 15, 2001 in Chemung County, which, inter alia, in a proceeding pursuant to RPTL article 7, denied petitioner's motion for summary judgment.

Petitioner sought summary judgment in the context of this RPTL article 7 proceeding challenging the 2001 assessments on parcels of real property it owns in the Town of Horseheads, Chemung County. Petitioner claimed that respondents violated the terms of a court-approved stipulation of settlement when they raised the 2001 real property tax assessments on its properties to a figure in excess of $16,000,000 after a town-wide reassessment. The stipulation at issue was first put on the record in open court by counsel for the parties on December 4, 2000 as part of the settlement of then-pending challenges to assessments for tax years 1995 through 2000. In addition to resolving the assessments for the years then at issue, the parties agreed that the "Assessor shall fix the Petitioner's taxable

assessment at $12,000,000 as of 1/1/2001 subject to the provisions of [RPTL 727]." That statute prohibits changes to real property tax assessments within three years of a court-ordered reassessment with certain exceptions, one of which is a town-wide reassessment (*see*, RPTL 727 [2] [a]; *see also, Matter of Owens Corning v Board of Assessors of Town of Bethlehem*, 279 AD2d 118, 120).

The in-court stipulation was further memorialized by a subsequent written stipulation cosigned by counsel and "so ORDERED" by Supreme Court. That stipulation provided, inter alia:

"The 2001 total assessment shall be an aggregate $12,000,000 for both tax lots at issue, apportioned as follows:

| Lot 48.1 | Lot 48.2 |
| --- | --- |
| $5,885,394 | $6,114,606 |

"Except as provided by [RPTL 727 (2)], such assessments shall be unchanged through the 2003 assessment and Petitioner shall not file a petition for review of such assessments."

In denying petitioner's motion for summary judgment, Supreme Court rejected its argument that the permissible town-wide reassessment applied only to tax years 2002 and 2003. On this appeal, we agree with Supreme Court's reasoning and affirm.

It is well settled that a stipulation is fundamentally a contract between the parties " 'and as such is governed by general principles for its interpretation and effect' " (*Massachusetts Mut. Life Ins. Co. v Thorpe*, 260 AD2d 706, 709, *lv denied* 93 NY2d 814, quoting *Nishman v De Marco*, 76 AD2d 360, 366, *appeal dismissed* 53 NY2d 642). In this regard, whether we consider the operative paragraph of the written stipulation in isolation or in the context of the entire agreement, including the previously transcribed stipulation (*see, Matter of Wallace v 600 Partners Co.*, 86 NY2d 543, 548), we perceive no ambiguity in its terms. Rather, consistent with the purposes of RPTL 727, the parties agreed as part of their settlement of prior years' assessments to establish the assessment for the next three years, subject to a possible town-wide reassessment. Since such a reassessment occurred in 2001, petitioner was not entitled to an aggregate $12,000,000 assessment on its properties for that year as a matter of law.

Cardona, P.J., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.