■ In the Matter of FRANKLYN AKEY, Care of LAWRENCE CARPENTER, Respondent, v TOWN OF PLATTSBURGH et al., Appellants. [754 NYS2d 378] —Rose, J. Appeal from a judgment of the Supreme Court (Dawson, J.), entered December 10, 2001 in Clinton County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to reinstate a prior real property tax assessment on certain real property owned by petitioner.*

In 1999, as the result of earlier proceedings brought pursuant to RPTL article 7, petitioner obtained an order based on the parties' stipulation reducing the assessed valuation of a motel, located in the Town of Plattsburgh, Clinton County, and owned by petitioner. The order also provided that this reduction would remain in effect for the 2000, 2001 and 2002 tax years, except as otherwise provided in RPTL 727. That statute prohibits changes to real property tax assessments within three years of a court-ordered reassessment, with certain exceptions, one of which is a "a revaluation or update of all real property on the assessment roll" (RPTL 727 [2] [a]). After receiving notice of a substantial increase in assessment in April 2001, petitioner commenced this proceeding to compel respondents to comply with the 1999 court order by reinstating the reduced

---

* While neither the petition nor Supreme Court identifies the statutory authority for this proceeding, petitioner describes it as a CPLR article 78 proceeding and we agree, for it seeks relief in the nature of mandamus, rather than review under RPTL article 7.

assessment. Respondents, in turn, asserted that the increased assessment did not violate the 1999 order because there had been an intervening revaluation of the Town's real properties. Finding that respondents failed to prove that the systematic revaluation plan described in their submissions actually had been carried out, Supreme Court granted the petition and reduced the assessment. This appeal by respondents ensued.

Since respondents raised an issue of fact necessitating a hearing as to whether there had been a subsequent, townwide real property reassessment (*see* CPLR 409 [b]; 7804 [h]), we reverse. The 1999 order met petitioner's initial burden to show entitlement to the relief sought because the 2001 reassessment was prohibited by court order and RPTL 727 (1), and this shifted the burden to respondents to show that the reassessment came within an exception provided in RPTL 727 (2) (*see Matter of Benderson Dev. Co. v Town of Niskayuna*, 293 AD2d 864, 865-866). Respondents met this burden by presenting evidence that the Town had a six-year plan to systematically reassess all of its real properties beginning with a townwide revaluation in 2001, and that such a revaluation did take place (*see Matter of Viacom Corp. v Board of Assessors of Town of Horseheads*, 295 AD2d 791, 792). Specifically, in affidavits opposing the petition, the Town Supervisor avers that "there was a town wide reassessment of all property in the town in this past year" and the Town Assessor avers that the 2001 tax year assessments "were based upon my revaluation of all real property on the [Town's] assessment roll * * * on a town wide basis and not of selective parcels." Thus, the record contradicts Supreme Court's finding that respondents failed to offer evidence that the townwide reassessment plan had been carried out.

Petitioner, in turn, disputed that a revaluation within the meaning of RPTL 727 (2) (a) had been proven, citing respondents' failure to produce documents corroborating the occurrence of an actual townwide reassessment. As thus framed, the decisive issue was whether the Town had conducted a townwide revaluation or update of assessments within the meaning of the statute. The key statutory language on this issue is the phrase "revaluation or update" (RPTL 727 [2] [a]), which is elsewhere defined as "a systematic review of the assessments of all locally assessed properties, valued as of the valuation date of the assessment roll containing those assessments" (RPTL 102 [12-a]). The disputed proof on this issue precludes a summary determination and requires remittal for an evidentiary hearing (*see* CPLR 7804 [h]; *Matter of Lakeshore Nursing Home v Axelrod*, 181 AD2d 333, 340; *Matter of Parkway Vend-*

*ing Servs. v Faculty-Student Assn. of Broome Community Coll.*, 82 AD2d 933, 934).

Crew III, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to respondents for further proceedings not inconsistent with this Court's decision.