■ In the Matter of CURTIS/PALMER HYDROELECTRIC COMPANY, L.P., Respondent, v TOWN OF CORINTH et al., Appellants. [761 NYS2d 712] —Spain, J.P. Appeal from an order of the Supreme Court (Nolan, Jr., J.), entered December 10, 2002 in Saratoga County, which, in a proceeding pursuant to RPTL article 7, denied respondents' motion to dismiss the petition.

Petitioner is the owner of two hydroelectric power facilities located on separate parcels in the Town of Corinth, Saratoga County. In September 2000, petitioner and respondent Town of

Corinth settled pending RPTL article 7 tax certiorari proceedings challenging the 1998, 1999 and 2000 real property assessments of these facilities by executing stipulations which, among other things, reduced the 2001 assessments for the hydroelectric facilities to $21,472,728 and $4,618,072, applying the reduced assessed values for 2001 to the 2002 and 2003 tax years as well. Respondent Corinth Central School District was also a party to the settlement.

The stipulations expressly acknowledge the applicability of RPTL 727, stating "[a]s long as [RPTL] 727 is complied with, [p]etitioner agrees not to challenge the assessments administratively or judicially." Further, petitioner specifically agreed in the stipulations that, in compliance with RPTL 727, it would not challenge the assessment even should any of an enumerated list of events occur, including "decreased utilization or planned demolition of improvements," "equipment shutdowns and/or retirement," "real property conveyance or transfer," "business merger," and "asset assignment or acquisition."

In early May 2002, the Town implemented a town-wide revaluation of real property and, as a result, increased the 2002 assessments for the two hydroelectric facilities to $66,400,000 and $16,600,000. Petitioner thereafter filed grievances challenging these new 2002 assessed values. Respondent Town of Corinth Board of Assessment Review (hereinafter the Board) directed petitioner to produce documents in response to 33 individual requests. Petitioner produced documents in response to 28 of the requests but, asserting that the remaining five requests required the production of documents containing sensitive trade information, submitted a confidentiality agreement to the Board for execution prior to further compliance with the Board's request for documents. The Board countered with its own version of a confidentiality agreement which, unlike petitioner's agreement, contained no monetary penalty for breach. No compromise was reached with regard to the confidentiality agreements and petitioner never turned over the remaining material.

After a hearing, the Board denied the grievance based upon petitioner's failure to timely submit all requested documents to the Board. Petitioner then commenced this RPTL article 7 proceeding challenging the 2002 assessments for the two facilities. Respondents moved to dismiss on the grounds that petitioner had not complied with the Board's request for documents and petitioner had waived the right to contest the 2002 assessments in the stipulations which settled the previous RPTL article 7 proceedings. Supreme Court denied the motion to dismiss, prompting this appeal by respondents.

We affirm. The RPTL gives a board of assessment review the authority to require a complainant to appear for examination and to produce papers relating to the challenged assessment (*see* RPTL 525 [2] [a]). Further, "[i]f the person whose real property is assessed * * * shall willfully neglect or refuse to attend and be so examined, or to answer any question put to him or her relevant to the complaint or assessment, such person shall not be entitled to any reduction of the assessment subject to the complaint" (*id.*). However, RPTL 525 addresses only willful failures to disclose requested information (*see Matter of Fifth Ave. Off. Ctr. Co. v City of Mount Vernon*, 89 NY2d 735, 741 [1997]). Indeed, "[c]ourts have * * * refused to dismiss judicial challenges to realty assessments absent proof that noncompliance was occasioned by a desire to frustrate administrative review" (*id.* at 741-742; *see Chester Mall Partners v Village of Chester*, 239 AD2d 414, 414-415 [1997]). After reviewing the record, we agree with Supreme Court's finding that petitioner, in refusing to turn over the remaining documents, was not motivated by a desire to frustrate the review process but by bona fide concerns about protecting its trade secrets.

Next, respondents' contention that petitioner waived its right to challenge the assessments is without merit. Although, as a general proposition, RPTL 727 precludes taxpayers from challenging an assessment for three years following a successful court challenge to that assessment (*see* RPTL 727 [1]), an exception to the rule exists where a town-wide reassessment has resulted in an increase in the assessed value (*see* RPTL 727 [2] [a]; *Matter of Akey v Town of Plattsburgh*, 300 AD2d 871, 871 [2002]; *Matter of Viacom Corp. v Board of Assessors of Town of Horseheads*, 295 AD2d 791, 792 [2002]; *Matter of Owens Corning v Board of Assessors of Town of Bethlehem*, 279 AD2d 118, 120 [2001]). Here, the stipulations clearly state that RPTL 727 will apply and, further, specifically delineate future scenarios which would not alter the nonassailability of the stipulated assessed values. Conspicuously missing from that list is any mention of a town-wide reassessment, an event specifically contemplated by RPTL 727 (2) and expressly excluded from application of the three-year moratorium imposed by RPTL 727 (1). Accordingly, we cannot find that petitioner clearly and knowingly waived its right to challenge a new assessment imposed as a result of a town-wide reassessment.

Carpinello, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.