■ In the Matter of COLONIE PLAZA, INC., Appellant, v ASSESSOR OF THE TOWN OF COLONIE et al., Respondents. [790 NYS2d 283]—

Kane, J. Appeal from an order of the Supreme Court (McNamara, J.), entered December 11, 2003 in Albany County, which, in a proceeding pursuant to RPTL article 7, granted respondents' motion for summary judgment dismissing the petition.

In 1999, petitioner commenced an RPTL article 7 proceeding challenging the 1999-2000 assessed value of its property in the Town of Colonie, Albany County. The parties settled the matter by agreeing to a reduced assessment, and a final order was entered reflecting their stipulation. Respondent Town of Colonie (hereinafter Town) conducted a town-wide revaluation in 2000 and a town-wide update in 2001, but made no change in the assessed value of petitioner's property. Petitioner did not challenge its 2000 or 2001 assessment. The 2002 assessed value remained the same as in the 1999 stipulation, but the fair market value of the property increased due to a change in the Town's equalization rate. Petitioner grieved its 2002 assessment and commenced this tax certiorari proceeding challenging that assessed value. Supreme Court granted respondents' motion to dismiss the petition, prompting petitioner to appeal.

Supreme Court improperly dismissed the petition. Under RPTL 727 (1), a municipality may not change the assessment on a parcel for three years following a court order or stipulation determining its assessed value (*see Matter of Owens Corning v Board of Assessors of Town of Bethlehem*, 279 AD2d 118 [2001]). The owner of that property may not challenge such assessment while the provisions of subdivision (1) of RPTL 727 prevent the municipality from changing it (*see* RPTL 727 [3]). However, several exceptions exist which allow the municipality to change the assessment, including where a municipality-wide revaluation or update was performed on all real property in the municipality (*see* RPTL 727 [2] [a]; *Matter of Curtis/Palmer Hydroelectric Co. v Town of Corinth*, 306 AD2d 794, 796 [2003]).

The three-year repose created by the statute is not merely suspended for the one particular year in which the municipality performs a revaluation or update; once such an action is performed, the repose is abolished. An analogy to another exception shows the practicality of this interpretation of the statute as applied to taxpayers and municipalities. If the taxpayer's

property was affected by a physical change through substantial improvements (*see* RPTL 727 [2] [c]), but the assessor failed to increase the assessment in the year in which such improvements were added, the assessor would not be precluded from increasing the assessment in future years based on those improvements. Conversely, if the property experienced a physical change to the taxpayer's detriment, such as destruction of buildings by fire, but for whatever reason the taxpayer did not challenge its assessment in the year of such change, the taxpayer would be permitted to challenge the next year's assessment because the taxpayer would still be entitled to a lower assessment based on the decreased value of the physically changed property. The change in circumstances, whether through a physical change in the property or a revaluation, defeats the statute's purpose of locking in judicially-settled assessments to maintain the status quo, because the change itself upsets the status quo.

By performing a revaluation, the municipality has deprived the taxpayer of the benefit of the prior litigation not only for the year of the revaluation but for all subsequent years as well. Nothing in the language of the statute can be read to deny the taxpayer court access once the municipality has vitiated the settlement. Accordingly, after the Town performed its revaluation in 2000, petitioner was permitted to file a petition challenging its assessed value in 2000 or any subsequent year.

Cardona, P.J., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion denied.