■ In the Matter of Gelber Enterprises, LLC, Respondent, v Harry E. Williams, as Assessor of the Town of Amherst, et al., Appellants. (Appeal No. 1.) [838 NYS2d 330]—

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered March 21, 2006 in a proceeding pursuant to Real Property Tax Law article 7 to review a real property tax assessment. The order denied respondents' motion to dismiss the petition.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the petition is dismissed.

Memorandum: The petitioner in appeal No. 1 and the petitioners in appeal No. 2 commenced these proceedings seeking review of their real property tax assessments pursuant to article 7 of the Real Property Tax Law. Supreme Court erred in denying the motions of the respondents in each appeal and the cross motion of the intervenor in appeal No. 2 to dismiss the respective petitions.

A property owner may seek administrative review of the

owner's property assessment pursuant to RPTL article 5 and, if the assessment is not adjusted to the property owner's satisfaction, then the property owner may seek judicial review pursuant to RPTL article 7 (*see Matter of Grossman v Board of Trustees of Vil. of Geneseo*, 44 AD2d 259, 262-263 [1974]). The board of assessment review "may require the person whose real property is assessed . . . to appear before the board and be examined concerning such complaint, and to produce any papers relating to such assessment" (RPTL 525 [2] [a]). "If the person . . . shall willfully neglect or refuse to attend and be so examined, or to answer any question put to him or her relevant to the complaint or assessment, such person shall not be entitled to any reduction of the assessment subject to the complaint" (*id.*). The administrative review process "is not intended to be an idle exercise [but, rather, i]t is designed to seriously address claimed inequities and adjust them amicably if it is possible to do so" (*Matter of Sterling Estates v Board of Assessors of County of Nassau*, 66 NY2d 122, 125 [1985], *rearg denied* 66 NY2d 1036 [1985]; *see also Grossman*, 44 AD2d at 265). If the noncompliance with the request for additional information by the board of assessment review "was occasioned by a desire to frustrate administrative review," then the court should dismiss the petition (*Matter of Fifth Ave. Off. Ctr. Co. v City of Mount Vernon*, 89 NY2d 735, 742 [1997]; *see Matter of Curtis/Palmer Hydroelectric Co. v Town of Corinth*, 306 AD2d 794, 796 [2003]).

The petitioners in these appeals filed complaints with respondent Board of Assessment Review of the Town of Amherst (Board) seeking to reduce the assessments on their properties. Although the Board requested additional documentary information when petitioners appeared before it, petitioners did not provide the information, and they neither contended that the information requested was irrelevant nor sought an extension of time in which to submit the information (*see Grossman*, 44 AD2d at 265; *cf. Curtis/Palmer Hydroelectric Co.*, 306 AD2d at 795). The Board dismissed the complaints based on its determination that petitioners' failure to comply with the Board's legitimate and reasonable requests for information was willful, and we conclude that the Board's determination is supported by the record. The court therefore erred in denying the motions and cross motion to dismiss the petitions (*see Matter of Parkway Plaza v Assessor of City of Canandaigua*, 269 AD2d 811, 812 [2000]; *Matter of Sarsfield v Board of Assessors of Town of Islip*, 240 AD2d 506 [1997], *appeal dismissed* 90 NY2d 1007 [1997]; *Matter of Spencer v Mullen*, 84 AD2d 790 [1981]; *Grossman*, 44 AD2d at 266). Present—Hurlbutt, J.P., Centra, Fahey, Peradotto and Pine, JJ.