In the Matter of BALDWIN RESEARCH INSTITUTE, INC., Respondent, v ASSESSORS OF THE TOWN OF AMSTERDAM et al., Appellants, et al., Respondent. (Proceeding No. 1.) In the Matter of BALDWIN RESEARCH INSTITUTE, INC., Respondent, v TOWN OF AMSTERDAM et al., Appellants, et al., Respondent. (Proceeding No. 2.) (And 10 Other Related Proceedings.) [846 NYS2d 444]—

Mercure, J.P. Appeal from an order of the Supreme Court (Catena, J.), entered December 26, 2006 in Montgomery County, which, among other things, in 12 proceedings pursuant to RPTL article 7 and/or CPLR article 78, granted petitioner's applications to strike certain real property from the tax assessment rolls of respondent Town of Amsterdam.

Petitioner is a not-for-profit corporation that was organized in 1992 for the purpose of conducting research in the field of substance abuse. It also provides a residential educational program to assist its students in remaining abstinent from drugs and alcohol. Petitioner owns six parcels of real property—located at 1 Main Street and 3, 5, 9, 15 and 17 Church Street in the Village of Hagaman, Montgomery County—which it asserts are used exclusively in furtherance of its charitable purposes. In 1999, Supreme Court (Best, J.) determined that petitioner was entitled to a real property tax exemption in 1997 and 1998 for 9 Church Street, the only property owned by petitioner at the time. Thereafter, respondent Assessor of the Town of Amsterdam revoked the exemption and petitioner commenced 12 separate proceedings challenging the tax exemptions on all of its properties for the years 2002-2005.

After the proceedings were combined pursuant to RPTL 710, petitioner moved for summary judgment, requesting that the properties be stricken from the assessment rolls for the years 2002-2005. Supreme Court granted the motion for all properties except that located at 1 Main Street, finding no evidence that this property was being used in furtherance of a tax-exempt purpose. The town respondents (hereinafter collectively referred to as respondents) appeal and we now affirm.

RPTL 420-a (1) (a) provides that "[r]eal property owned by a corporation or association organized or conducted exclusively for religious, charitable, hospital, educational [purposes], or moral or mental improvement of men, women or children . . . and used exclusively for carrying out thereupon one or more of such purposes . . . shall be exempt from taxation as provided in this section." In order to qualify for a real property tax exemption under RPTL 420-a, "(1) the entity must be organized exclusively for [the] purposes enumerated in the statute, (2) the property in question must be used primarily for the furtherance of such purposes, . . . (3) no pecuniary profit, apart from reasonable compensation, may inure to the benefit of any officers, members, or employees, and (4) the entity may not be simply

used as a guise for profit-making operations" (*Matter of Miriam Osborn Mem. Home Assn. v Assessor of City of Rye*, 275 AD2d 714, 715 [2000]). Respondents contend that petitioner failed to make the required prima facie showing of entitlement to summary judgment as a matter of law under RPTL 420-a (*see e.g. Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Specifically, respondents assert that petitioner failed to establish that the properties were used for a statutorily exempt purpose and that the salaries paid to its officers constituted reasonable compensation. We disagree.

As respondents concede, this Court has held that "a nonprofit corporation otherwise eligible which is organized for and conducting drug and narcotics rehabilitation activities falls within the mandatory class entitled to a real property tax exemption under RPTL 420-a (1)" (*Matter of Dynamite Youth Ctr. Found. v Assessor of Town of Fallsburg*, 207 AD2d 34, 35 [1994]). Such an entity falls within the "moral or mental improvement" category set forth in the statute (*see id.* at 36). Here, in seeking to establish that it uses educational and socialization classes to assist individuals in rehabilitating themselves from drug and alcohol addiction, petitioner presented the affidavit of its chair of the board describing its program and the use of each property—apart from 1 Main Street—as either a primary educational facility, guest house or garden used for outdoor class discussions. Petitioner also presented independent evidence of its purpose and programs, including its certificate of incorporation, letters of determination demonstrating receipt of a tax exemption from the Internal Revenue Service, its curriculum requirements and the results of a sobriety follow-survey performed by an independent research group. Contrary to respondents' arguments, petitioner's practices of charging an admission fee to its program and placing restrictions on public access, as well as the fact that it is not certified or licensed by the state, are not sufficient to defeat an exemption under RPTL 420-a (*see Matter of Symphony Space v Tishelman*, 60 NY2d 33, 37-39 [1983]; *see also Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg*, 79 NY2d 244, 248, 252 [1992]; *Matter of Adirondack Land Trust v Town of Putnam Assessor*, 203 AD2d 861, 862-863 [1994], *lv denied* 84 NY2d 809 [1994]).

With respect to respondents' contention that petitioner failed to establish that it paid its officers no more than reasonable compensation (*see* RPTL 420-a [1] [b]), we note that petitioner presented its tax returns and evidence of the salaries paid to officers of comparable not-for-profit organizations. Petitioner's

tax returns show that its chair of the board received a salary of $28,733 in 2002, $82,750 in 2003 and $191,545 in 2004, and that its president received a salary of $61,410 in 2002, $77,577 in 2003 and $105,749 in 2004. Salaries of officers at other organizations offering similar services throughout the country show a salary range from $0 to $325,553.

In asserting that this evidence did not establish reasonable compensation, respondents challenge only the salary paid to petitioner's officers during 2004 as excessive. They dismiss much of the evidence as lacking probative value, noting that of the other organization's employees who were paid salaries that year, only two have the title of either president or chair of the board. The record demonstrates, however, that those two individuals were paid *higher* salaries than petitioner's officers. Moreover, while respondents assert that the only "local" organizations included in petitioner's submission either paid their employees lower salaries or had greater revenues, this fact alone does not indicate that petitioner is merely "a guise or pretense for directly or indirectly making any . . . pecuniary profit for . . . its members or employees" (RPTL 420-a [1] [b]). In any event, petitioner presented evidence that approximately $43,000 of the salary paid to the chair of the board in 2004 was a one-time bonus awarded for eight years of service in which he received no remuneration. Taking that bonus into account, any purported salary discrepancy is minimal at best.

In short, petitioner's submissions established prima facie that it is operated for a statutorily exempt purpose and that its officers received average compensation compared to the salaries of other officers of not-for-profit organizations, thus shifting the burden to respondents to demonstrate the existence of questions of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). Inasmuch as respondents submitted only a memorandum in opposition that did not contain any evidence to rebut petitioner's prima facie showing or raise a triable issue of fact regarding petitioner's entitlement to the exemption, Supreme Court properly granted petitioner's applications to strike 3, 5, 9, 15 and 17 Church Street from respondents' tax assessment rolls.

We reject petitioner's assertion, however, that we should search the record and grant summary judgment concerning the property located at 1 Main Street. Petitioner failed to establish that it had concrete and definite plans to use the property for an exempt purpose within the foreseeable future and, thus, Supreme Court properly denied petitioner's motion with respect to that property (*see Matter of Inward House Corp. v Frey*, 227 AD2d 845, 846 [1996]).

Finally, to the extent that they are not addressed herein, respondents' remaining arguments are either rendered academic by our decision or, upon consideration, have been found to be lacking in merit.

Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.