■ BALDWIN RESEARCH INSTITUTE, INC., Respondent, v BOARD OF ASSESSMENT REVIEW OF TOWN OF AMSTERDAM et al., Appellants. [887 NYS2d 373]—

Mercure, J.P. Appeal from an order of the Supreme Court (Catena, J.), entered December 19, 2008 in Montgomery County, which, among other things, in a proceeding pursuant to RPTL article 7 and/or CPLR article 78, partially granted petitioner's motion for summary judgment and struck certain real property from the tax assessment rolls of respondent Town of Amsterdam.

Petitioner is a not-for-profit corporation that offers residential drug and alcohol education programs to assist individuals in

remaining abstinent. Upon a prior appeal by respondents, we affirmed a Supreme Court order that struck certain parcels owned by petitioner from the 2002-2005 tax rolls of respondent Town of Amsterdam pursuant to RPTL 420-a (1) (*Matter of Baldwin Research Inst., Inc. v Assessors of Town of Amsterdam*, 45 AD3d 1152 [2007], *lv denied* 10 NY3d 705 [2008]).* Respondents revoked that exemption for the 2008 assessment year, alleging—as in the prior proceedings—that petitioner was not entitled to the exemption because it paid two of its officers excessive compensation. After respondent Board of Assessment Review of the Town of Amsterdam denied its grievances, petitioner commenced this combined proceeding seeking to have four of its properties struck from the 2008 tax roll. Following joinder of issue, petitioner immediately moved by order to show cause for summary judgment. Supreme Court granted petitioner's motion with respect to three of its properties, ordering them struck from the 2008 final assessment roll. Respondents appeal, and we now affirm.

As explained in our prior decision, an entity qualifies for a real property tax exemption under RPTL 420-a if (1) it is "organized exclusively for [the] purposes enumerated in the statute, (2) the property in question [is] used primarily for the furtherance of such purposes, . . . (3) no pecuniary profit, *apart from reasonable compensation*, . : . inure[s] to the benefit of any officers, members, or employees, and (4) the entity [is] not . . . simply used as a guise for profit-making operations" (*Matter of Miriam Osborn Mem. Home Assn. v Assessor of City of Rye*, 275 AD2d 714, 715 [2000] [emphasis added]; *accord Matter of Baldwin Research Inst., Inc. v Assessors of Town of Amsterdam*, 45 AD3d at 1153-1154). Respondents allege that petitioner became ineligible to receive this exemption in 2008 because, as of the taxable status date of March 1, 2008, petitioner was paying its Senior Consultant, Gerald Brown, and its Chair, Mark Scheeren, salaries that exceed reasonable compensation.

In that regard, it must be noted that "[u]nder RPTL 727 (1), a municipality may not change the assessment on a parcel for three years following a court order or stipulation determining its assessed value" (*Matter of Colonie Plaza, Inc. v Assessor of Town of Colonie*, 15 AD3d 830, 831 [2005], *lv dismissed* 5 NY3d 746 [2005]; *see Matter of Owens Corning v Board of Assessors of Town of Bethlehem*, 279 AD2d 118, 119-120 [2001]). This three-year respite provision "was designed to prevent assessing units from increasing judicially reduced assessments in immediately

* The underlying facts of this matter are more fully set forth in our prior decision.

succeeding years[,] as well as to preclude taxpayers from perpetually challenging their assessments" (*Matter of Owens Corning v Board of Assessors of Town of Bethlehem*, 279 AD2d at 120-121; *see Matter of Malta Town Ctr. I, Ltd. v Town of Malta Bd. of Assessment Review*, 3 NY3d 563, 569 [2004]; Governor's Approval Mem, Bill Jacket, L 1995, ch 693; Mem of Assembly Member Richard Brodsky, Bill Jacket, L 1995, ch 693). The statute, however, balances this "interest in reduced litigation contemplated by the . . . respite period . . . against the importance of maintaining current and equitable assessment rolls" by providing certain exceptions to the three-year respite period (*Matter of Malta Town Ctr. I, Ltd. v Town of Malta Bd. of Assessment Review*, 3 NY3d at 569; *see* RPTL 727 [2]). These exceptions address the situation in which a "change in circumstances . . . defeats the statute's purpose of locking in judicially-settled assessments to maintain the status quo, because the change itself [has] upset[ ] the status quo" (*Matter of Colonie Plaza, Inc. v Assessor of Town of Colonie*, 15 AD3d at 832). Most relevant here, RPTL 727 (2) (h) provides that an assessment may be changed during the respite period if "[t]he owner of the property becomes eligible or ineligible to receive an exemption."

Given the unambiguous language setting forth the exception in RPTL 727 (2) (h) and mindful that "the clearest indicator of legislative intent is the statutory text" (*Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583 [1998]), we reject petitioner's argument that respondents were precluded by our prior decision from considering whether the property remained eligible for the exemption provided in RPTL 420-a during the three-year respite period. Nevertheless, we conclude that the prior order, as affirmed by this Court, was sufficient to meet petitioner's initial burden on its motion for summary judgment to show entitlement to the relief sought—i.e., to have its properties deemed exempt and struck from respondents' tax assessment roll. Thus, the burden "shifted . . . to respondents to show that the reassessment came within an exception provided in RPTL 727 (2)" (*Matter of Akey v Town of Plattsburgh*, 300 AD2d 871, 872 [2002]; *see* RPTL 727 [1]).

Although the record contains evidence that the compensation paid to Scheeren and Brown remains well within the average range paid to key officers and employees at other organizations offering similar services throughout the country, respondents primarily argued in opposition to summary judgment that the salaries of Scheeren and Brown exceeded the average salaries paid to persons with similar positions in Montgomery County. We rejected their nearly identical argument in our prior deci-

sion; similarly here, evidence that these two salaries exceeded local averages does not, in itself, raise issues of fact precluding summary determination (*see Matter of Baldwin Research Inst., Inc. v Assessors of Town of Amsterdam*, 45 AD3d at 155; *cf. Matter of Akey v Town of Plattsburgh*, 300 AD2d at 872).

Respondents' remaining argument has been considered and found to be lacking in merit.

Lahtinen, Kane, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.