■ In the Matter of LOWE's HOME CENTERS, INC., Appellant, v BOARD OF ASSESSMENT REVIEW OF THE TOWN OF COLONIE et al., Respondents. [911 NYS2d 259]—

McCarthy, J. Appeal from an order of the Supreme Court (McNamara, J.), entered January 13, 2010 in Albany County, which, in a proceeding pursuant to RPTL article 7, granted respondents' motion to dismiss the petition.

Petitioner owns a retail warehouse in the Town of Colonie, Albany County and filed a grievance challenging the 2009 assessed value for the property. Respondent Board of Assessment Review of the Town of Colonie thereafter sought a variety of information and specified documents related to petitioner's use of the property and the claimed value thereof, directing that they be provided no later than the date of the grievance hearing. On the hearing date, counsel for petitioner faxed a brief list of allegedly comparable sales to the Board and claimed that he could not provide other requested information given his client's unavailability. The Board dismissed petitioner's grievance, finding that petitioner or its representative had willfully neglected or refused to provide relevant information, and this RPTL article 7 proceeding ensued. Upon respondents' motion, Supreme Court dismissed the petition based upon petitioner's failure to provide the demanded information to the Board. Petitioner appeals and we affirm.

The Board is authorized to examine petitioner and require the production of papers related to the challenged assessment, and if petitioner or its representative "willfully neglect[s] or refuse[s] to attend and be so examined, or to answer any question put to [it] . . . relevant to the complaint or assessment, [it] shall not be entitled to any reduction of the assessment subject to the complaint" (RPTL 525 [2] [a]; see Matter of Fifth Ave. Off. Ctr. Co. v City of Mount Vernon, 89 NY2d 735, 741 [1997]; Matter of Curtis/Palmer Hydroelectric Co. v Town of Corinth, 306 AD2d 794, 796 [2003]). Petitioner claims that respondents failed to demonstrate that its failure was willful, which requires that its "noncompliance was occasioned by a desire to frustrate administrative review" (Matter of Fifth Ave. Off. Ctr. Co. v City of Mount Vernon, 89 NY2d at 742). The Board made a reasonable demand for information, however, and petitioner neither objected to the demand nor provided the overwhelming majority of the information sought. Petitioner's counsel claimed, in conclusory fashion, that petitioner's unavailability was the cause of that meager production, but there is no indication that he sought an extension of time to obtain the requested information. These circumstances readily evince a desire on the part of petitioner or its representative to impede the Board's review

and, thus, Supreme Court appropriately granted respondents' motion to dismiss the petition (*see Matter of Gelber Enters., LLC v Williams*, 41 AD3d 1207, 1208 [2007]; *Matter of Sarsfield v Board of Assessors of Town of Islip*, 240 AD2d 506, 506-507 [1997], *appeal dismissed* 90 NY2d 1007 [1997]).

Rose, J.P., Lahtinen, Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.