In the Matter of FINGER LAKES RACING ASSOCIATION, INC. et al., Respondents, v TOWN OF FARMINGTON et al., Appellants. [914 NYS2d 808]—

Appeal from an order of the Supreme Court, Ontario County (Kenneth R. Fisher, J.), entered April 8, 2010 in a proceeding pursuant to RPTL article 7. The order denied the motion of respondents to dismiss the petition.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioners commenced this proceeding seeking review of their real property tax assessments pursuant to RPTL article 7 after respondent Town of Farmington's Board of Assessment Review (Board) dismissed their complaints seeking to reduce the assessments on their properties. The Board dismissed the complaints upon determining that the failure of petitioners to comply with the Board's legitimate and reasonable requests for business income information was willful. Supreme Court denied respondents' motion to dismiss the petition. We affirm.

A board of assessment review "may require the person whose real property is assessed . . . to appear before the board and be examined concerning such complaint, and to produce any papers relating to such assessment. If the person . . . shall willfully neglect or refuse to [do so,] such person shall not be entitled to any reduction of the assessment subject to the complaint" (RPTL 525 [2] [a]). A petition challenging an assessment should not be dismissed, however, "absent proof that noncompliance

was occasioned by a desire to frustrate administrative review" (*Matter of Fifth Ave. Off. Ctr. Co. v City of Mount Vernon*, 89 NY2d 735, 742 [1997]).

The determination of the Board that petitioners willfully failed to comply with its legitimate and reasonable requests for the information in question in order to frustrate administrative review is not supported by the record (*see Matter of Doubleday & Co. v Board of Assessors of Vil. of Garden City*, 202 AD2d 424, 425, *lv dismissed* 83 NY2d 906 [1994]; *cf. Matter of Gelber Enters., LLC v Williams*, 41 AD3d 1207, 1208 [2007]). Although the information sought was "relevant, proper, and tailored to the matter in dispute" (*Matter of Sass v Town of Brookhaven*, 73 AD3d 785, 788 [2010]), we nevertheless conclude under the circumstances of this case that there is no evidence of a desire by petitioners to frustrate administrative review. Rather, we conclude on the record before us that petitioners were merely attempting to comply with the Board's request for the information while at the same time protecting the confidentiality of the requested information (*see Matter of Curtis/Palmer Hydroelectric Co. v Town of Corinth*, 306 AD2d 794, 796 [2003]). Although petitioners initially refused to provide the requested information on the ground that it was not relevant, they thereafter agreed to provide the information if the Board members signed a confidentiality agreement. Upon learning that the Board members refused to sign the confidentiality agreement, petitioners revised the confidentiality agreement by removing the language of the agreement to which the Board had objected, and they provided various alternatives to the Board in order to provide the information sought while protecting its confidentiality, and thus there is no evidence of the requisite willfulness. Present—Centra, J.P., Peradotto, Carni and Sconiers, JJ.