Matter of Abner Doubleday, LLC v Assessor of the Town of Oneonta (2020 NY Slip Op 06191)





Matter of Abner Doubleday, LLC v Assessor of the Town of Oneonta


2020 NY Slip Op 06191


Decided on October 29, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

530310

[*1]In the Matter of Abner Doubleday, LLC, Respondent,
v
Assessor of the Town of Oneonta et al., Appellants.

Calendar Date: September 9, 2020

Before: Egan Jr., J.P., Mulvey, Devine, Aarons and Colangelo, JJ.


Young/Sommer LLC, Albany (William A. Hurst of counsel), for appellants.
Whiteman Osterman & Hanna LLP, Albany (Christopher M. McDonald of counsel), for respondent.



Aarons, J.
Appeal from an order of the Supreme Court (Burns, J.), entered October 22, 2019 in Otsego County, which, in a proceeding pursuant to RPTL article 7, denied respondents' motion to dismiss the petition.
Petitioner owns real commercial property in the Town of Oneonta, Otsego County. After respondent Board of Assessment Review of the Town of Oneonta issued a temporary assessment valuing the commercial property, petitioner filed a grievance challenging such assessment. In response to this grievance, the Board, in a May 2019 letter, requested that petitioner provide it with certain documentation by June 14, 2019. In a letter dated June 19, 2019, the Board informed petitioner that its grievance was being dismissed due to its failure to provide the requested documents. After the Board's assessment was finalized, petitioner commenced this RPTL article 7 proceeding. Respondents moved to dismiss the petition. In an October 2019 order, Supreme Court denied respondents' motion. This appeal ensued. We affirm.
Upon a grievance to challenge a realty assessment, a board of assessment review may require the production of "any papers relating to such assessment" (RPTL 525 [2] [a]). If the person whose property was assessed or any agent or representative thereof willfully neglects or refuses to provide such papers, "such person shall not be entitled to any reduction of the assessment subject to the complaint" (RPTL 525 [2] [a]). Unless there is proof that noncompliance was occasioned by a desire to frustrate the administrative process, challenges to assessments should not be dismissed (see Matter of Fifth Ave. Off. Ctr. Co. v City of Mount Vernon, 89 NY2d 735, 741-742 [1997]; Matter of Curtis/Palmer Hydroelectric Co. v Town of Corinth, 306 AD2d 794, 796 [2003]).
The record discloses that petitioner's managing member emailed petitioner's counsel on June 4, 2019, advising that he wanted counsel to file documents with the Board per the Board's May 2019 letter. On June 6, 2019, the member gave counsel the documents that were to be filed. After the member received the Board's June 19, 2019 letter dismissing the grievance, he immediately inquired from counsel whether the documents were delivered to the Board, to which counsel responded in the negative. The member then instructed counsel to file the documents with the Board the following day. On June 27, 2019, counsel transmitted the documents to the Board and explained that the failure to do so in a timely manner was due to the oversight of his law firm. Under these circumstances, Supreme Court correctly found that petitioner's failure to timely provide the requested documentation was not willful or for the purpose of frustrating the administrative process (see Matter of Archstone Communities Trust v Board of Assessors & /or Assessor of County of Nassau, 78 AD3d 1046, 1047-1048 [2010]; Matter of State of New York v Town of Northampton, 156 AD2d 857, 858-859 [1989]). As such, the court did not err in denying respondents' motion. Respondents' remaining assertions have been examined and are without merit.
Egan Jr., J.P., Mulvey, Devine and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with costs.