Matter of Syracuse Univ. v City of Syracuse
2026 NY Slip Op 03583
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF SYRACUSE UNIVERSITY, PETITIONER-APPELLANT,
v
CITY OF SYRACUSE AND ASSESSOR AND BOARD OF ASSESSMENT REVIEW, RESPONDENTS-RESPONDENTS.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
390 CA 25-00965
Present: Whalen, P.J., Bannister, Montour, Nowak, And Hannah, JJ.

JENNER & BLOCK LLP, WASHINGTON, DC (ZACHARY C. SCHAUF, ADMITTED PRO HAC VICE, OF COUNSEL), AND BARCLAY DAMON LLP, BUFFALO, FOR PETITIONER-APPELLANT.
SUSAN R. KATZOFF, CORPORATION COUNSEL, SYRACUSE (TREVOR MCDANIEL OF COUNSEL), FOR RESPONDENTS-RESPONDENTS.

Appeal from an order of the Supreme Court, Onondaga County (Gerard J. Neri, J.), entered March 19, 2025, in proceedings pursuant to RPTL article 7. The order denied the motion of plaintiff for summary judgment, granted the cross-motion of respondents for summary judgment and dismissed the petitions.
[*1]
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the cross-motion is denied, the petitions are reinstated, the motion is granted, and the petitions are granted insofar as they seek a tax exemption pursuant to RPTL 420-a (1) (a) for real property located at 200-10 Waverly Avenue in the City of Syracuse for the tax years 2022 and 2023, and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: Petitioner, an educational institution, commenced these proceedings pursuant to RPTL article 7 seeking, inter alia, to challenge the tax assessments on a parcel of property it owns in the City of Syracuse for the tax years 2022 and 2023. Petitioner moved for summary judgment on its petitions, seeking, among other things, a full tax exemption pursuant to RPTL 420-a, and respondents cross-moved for, inter alia, summary judgment in their favor. Supreme Court deemed respondents' cross-motion to be one seeking dismissal pursuant to RPTL 525 (2) (a), granted that motion, and dismissed the petitions. Petitioner appeals, and we now reverse.
We agree with petitioner that the court erred in sua sponte dismissing the petitions on a ground that was expressly waived by respondents (see Vial v Velocity Servers, Inc., 225 AD3d 1234, 1235 [4th Dept 2024]), i.e., petitioner's purported willful failure to comply with legitimate and reasonable requests for information that were made by respondent Board of Assessment Review during the prior administrative review process pursuant to RPTL article 5 (see RPTL 525 [2] [a]; see generally Matter of Finger Lakes Racing Assn., Inc. v Town of Farmington, 79 AD3d 1815, 1815-1816 [4th Dept 2010]). Although respondents' initial motion papers contained brief references to RPTL 525, counsel for respondents expressly stated in both a reply memorandum and again at oral argument that any reference to that statute was an "oversight," that respondents were not alleging that any attempt to frustrate the administrative process was made by petitioner, and that respondents were "not willing to dismiss the case based on [RPTL] 525." Contrary to the court's conclusory assertion, RPTL 525 (2) (a) does not implicate a threshold jurisdictional issue. Rather, although "failure to respond to material questions at a hearing and failure to produce documents requested may affect the right to reduction of the assessment, an owner does not, by such failures, forfeit his right to maintain the [RPTL article 7] proceeding" (Matter of State of New York v Town of Northampton, 156 AD2d 857, 858 [3d Dept 1989]; see People ex rel. Irving Sav. Bank v Howes, 266 App Div 1024, 1024 [2d Dept 1943]; see generally RPTL 706 [2]; Matter of Fifth Ave. Off. Ctr. Co. v City of Mount Vernon, 89 NY2d 735, 742 [1997]). [*2]Respondents' argument in support of finding willful noncompliance on the part of petitioner is raised for the first time on appeal and thus is not properly before us (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
Although the court improperly dismissed the petitions without considering the merits of the motion and cross-motion, we nonetheless conclude in the interest of judicial economy that the motion should be granted inasmuch as petitioner established its entitlement to summary judgment on the issue of its right to a full tax exemption under RPTL 420-a for the subject property (see generally Scally v Regional Indus. Partnership, 9 AD3d 865, 869 [4th Dept 2004]). Here, petitioner met its burden of establishing that the entirety of the subject property is used exclusively in furtherance of its educational purpose (see RPTL 420-a [1] [a]; Matter of Merry-Go-Round Playhouse, Inc. v Assessor of City of Auburn, 24 NY3d 362, 367-369 [2014]; Matter of Faculty-Student Assn. of State Univ. Coll. at Oswego v Sharkey, 35 AD2d 161, 166 [4th Dept 1970], affd 29 NY2d 621 [1971]; Matter of Pace Coll. v Boyland, 4 NY2d 528, 532-533 [1958]; see generally Matter of Salvation Army v Town of Ellicott Bd. of Assessment Review, 100 AD2d 361, 364 [4th Dept 1984]). Respondents' submissions failed to raise a material issue of fact with respect to petitioner's entitlement to the full exemption (see generally Ciccarelli v Cotira, Inc., 24 AD3d 1276, 1277 [4th Dept 2005]; Fusco v Assessor of City of Utica, 178 AD2d 995, 995-996 [4th Dept 1991]). We therefore reverse the order, deny the cross-motion, reinstate the petitions, grant petitioner's motion, and grant the petitions insofar as they seek a tax exemption pursuant to RPTL 420-a (1) (a) for real property located at 200-10 Waverly Avenue in the City of Syracuse for tax years 2022 and 2023, and we remit the matter to Supreme Court to calculate the amount of real property tax, if any, to be refunded to petitioner (see Matter of Merry-Go-Round
Playhouse, Inc. v Assessor of City of Auburn, 104 AD3d 1294, 1295-1296 [4th Dept 2013], affd 24 NY3d 362 [2014]).
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court